IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| BABY JOGGER, LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No. 24-725 (GBW) |
| | ) | |
| BABY GENERATION, INC. d/b/a | ) | |
| MOCKINGBIRD, | ) | |
| | ) | |
| Defendant. | ) | |

**DEFENDANT BABY GENERATION, INC. d/b/a MOCKINGBIRD'S OPENING BRIEF
IN SUPPORT OF ITS MOTION TO DISMISS PURSUANT TO FED. R. CIV. P. 12(b)**

<table>
<tr><td></td><td>MORRIS, NICHOLS, ARSHT & TUNNELL LLP<br>Jack B. Blumenfeld (#1014)<br>Jeremy A. Tigan (#5239)</td></tr>
<tr><td>OF COUNSEL:</td><td>1201 North Market Street<br>P.O. Box 1347</td></tr>
<tr><td>Joseph W. Staley<br>Scott P. Amy<br>Andrea P. Nguyen<br>PERILLA KNOX & HILDEBRANDT LLP<br>5871 Glenridge Drive, Suite 350<br>Atlanta, GA  30328<br>(770) 927-7802</td><td>Wilmington, DE  19899-1347<br>(302) 658-9200<br>jblumenfeld@morrisnichols.com<br>jtigan@morrisnichols.com<br><br>*Attorneys for Defendant Baby Generation, Inc.*<br>*d/b/a Mockingbird*</td></tr>
</table>

October 7, 2024

# TABLE OF CONTENTS

**Page**

I. NATURE AND STAGE OF THE PROCEEDINGS ........................................................1

II. SUMMARY OF THE ARGUMENT ................................................................................1

III. FACTUAL BACKGROUND...........................................................................................2

IV. LEGAL STANDARDS ...................................................................................................7

V. ARGUMENT..................................................................................................................10

  A. The First Amended Complaint Should be Dismissed Under Rule 12(b) Due to Plaintiff's Lack of Rights in the Asserted Patents. ............................................... 10

  B. The First Amended Complaint Fails to State a Claim for Indirect Infringement Because It Fails to Allege Knowledge of the Asserted Patents or Knowledge of Infringement of the Asserted Patents. ................................................................... 12

    1. The First Amended Complaint Does Not Plausibly Allege Knowledge of the Asserted Patents. .............................................................................. 13

    2. The First Amended Complaint Does Not Plausibly Allege Knowledge of Infringement of the Asserted Patents.................................................... 17

  C. The FAC Fails to Allege Compliance with the Marking Statute and Thus, Any Claims for Past Damages Should be Dismissed Under Rule 12(b)(6). ................ 20

VI. CONCLUSION...............................................................................................................20

i

# TABLE OF AUTHORITIES

**Page(s)**

**CASES**

*Abbott Point of Care Inc. v. Epocal, Inc.*,
  666 F.3d 129 (Fed. Cir. 2012) .................................................................................. 9, 10, 12

*Abraxis Biosciences, Inc. v. Navinta LLC*,
  625 F.3d 1359 (Fed Cir. 2010) ........................................................................................ 9

*Ashcroft v. Iqbal*,
  556 U.S. 662 (2009) ......................................................................................................... 8

*Azurous, Inc. v. Kennedy Int'l, Inc.*, No. CV 2-04770 (ZNQ),
  2024 WL 3219663 (D.N.J. June 28, 2024) .................................................................... 15

*Bell Atl. Corp. v. Twombly*,
  550 U.S. 544 (2007) ......................................................................................................... 8

*Bio-Rad Labs. Inc. v. Int'l Trade Comm'n*,
  998 F.3d 1320 (Fed. Cir. 2021) ................................................................................. 10, 13

*Cirba Inc v. VMWare, Inc.*,
  C.A. No. 19-742-LPS, 2020 WL 2992348 (D. Del. 2020) .............................................. 9

*Cirba, Inc. v. VMWare, Inc.*,
  C.A. No. 19-742-GBW, 2023 WL 2428716 (D. Del. Mar. 9, 2023) ................................ 9

*Commil USA, LLC v. Cisco Sys., Inc.*,
  135 S. Ct. 1920 (2015) .............................................................................................. 10, 13

*Davis v. Wells Fargo*,
  824 F.3d 333 (3d Cir. 2016) ............................................................................................. 8

*Deere & Co. v. AGCO Corp.*,
  No. 18-827-CFC, 2019 WL 668492 (D. Del. Feb. 19, 2019) ........................................ 19

*Doe v. Princeton Univ.*,
  30 F.4th 335 (3d Cir. 2022) .................................................................................... 8, 11, 12

*Dynamic Data Techs. v. Google LLC*, No. 19-1529-CFC,
  2020 WL 1285852 (D. Del. Mar. 18, 2020)*; report and recommendation adopted*,
  2020 WL 3103786 (D. Del. June 11, 2020) ................................................................... 19

*Dynamic Data Techs., LLC v. Amlogic Holdings Ltd.*,
  C.A. No. 19-1239-CFC, 2020 WL 4365809 (D. Del. July 30, 2020) ............................ 19

*Ethicon, Inc. v. U.S. Surgical Corp.*,
135 F.3d 1456 (Fed. Cir. 1998) ........................................................................................... 9

*Express Mobile, Inc. v. Liquid Web*, LLC,
C.A. No. 18-0117-RGA, 2019 WL 1596999 (D. Del. Apr.15, 2019) ........................... 2, 10, 20

*Fed. Trade Comm'n v. AbbVie Inc.*,
976 F.3d 327, 35 (3d Cir. 2020) ......................................................................................... 7

*Global-Tech Appliances, Inc. v. SEB S.A.*,
563 U.S. 745 (2011) ......................................................................................................... 16

*In re Cirba*,
2021-154, 2021 WL 4302979 (Fed. Cir. 2021) ............................................................. 9, 11

*Intellectual Tech LLC v. Zebra Techs. Corp.*,
101 F.4th 807 (Fed. Cir. May 1, 2024) ............................................................................... 9

*Intellectual Ventures I v. Erie Indemnity Co.*,
850 F.3d 1315 (Fed. Cir. 2017) .................................................................................. 2, 10, 11

*Israel Bio-Eng'g. Project v. Amgen, Inc.*,
475 F.3d 1256 (Fed. Cir. 2007) ......................................................................................... 8

*Kehr Packages, Inc. v. Fidelcore, Inc.*,
926 F.2d 1406 (3d. Cir. 1991) ........................................................................................... 9

*Kirsch Research & Dev., LLC v. Tarco Specialty Prods., Inc.*,
2021 WL 4555802 (W.D. Tex. 2021) ................................................................................ 15

*Klotz v. Celentano Stadtmauer & Walentowicz LLP*,
991 F.3d 458 (3d. Cir. 2021) ............................................................................................. 8

*Lifetime Indus., Inc. v. Trim-Lok, Inc.*,
869 F.3d 1372, 1379 (Fed. Cir. 2017) ............................................................................... 17

*Lippert Components Mfg. v. MOR/ryde, Inc.*,
2018 WL 345767 (N.D. Ind., Jan. 10, 2018) ............................................................... 15, 16

*Lone Star Silicon Innovations LLC v. Nanya Tech. Corp.*,
925 F.3d 1225 (Fed. Cir. 2019) ...................................................................................... 8, 12

*McDowell v. U.S. ex rel. Holder*,
No. 12-1302-SLR, 2013 WL 1953340 (D. Del. May 10, 2013), *report and recommendation adopted sub nom. McDowell v. United States*, No. 12-1302-SLR/SRF, 2013 WL 2456742 (D. Del. June 5, 2013) ......................................................................................................... 8

*MONEC Holding AG v. Motorola Mobility, Inc.*,
    897 F. Supp. 2d 225 (D. Del. 2012) ................................................................... 16

*Samsung Elecs. Co., Ltd. v. ON Semiconductor Corp.*,
    541 F. Supp.2d 645 (D. Del. 2008) ...................................................................... 7

*Sentry Protection Prods., Inc. v. Eagle Mfg. Co.*,
    400 F.3d 910 (Fed. Cir. 2005)............................................................................ 20

*Sicom Sys., Ltd. v. Agilent Techs., Inc.*,
    427 F.3d 971 (Fed. Cir. 2005)............................................................................... 9

*Silvergate Pharms., Inc. v. Bionpharma Inc.*,
    C.A. No. 18-1962-LPS, 2021 WL 1751148 (D. Del. Apr. 29, 2021) ................... 12

*Splunk Inc. v. Cribl, Inc.*,
    No. 22-07611 WHA, 2023 WL 2562875 (N.D. Cal. 2023)................................... 15

*State Indus., Inc. v. A.O. Smith Corp.*,
    751 F.2d 1226 (Fed. Cir. 1985)........................................................................... 15

*STC UNM v. Intel Corp.*,
    754 F.3d 940 (Fed. Cir. 2014)............................................................................... 9

*Taylor v. Taylor Made Plastics, Inc.*,
    565 Fed. App'x 888 (Fed. Cir. 2014)........................................................... 2, 9, 12

*Univ. of S. Fla. Research Found., Inc. v. Fujifilm Med. Systems U.S.A., Inc.*,
    19 F.4th 1315 (Fed. Cir. 2021)............................................................................. 9

*VLSI Tech. LLC v. Intel Corp.*,
    C.A. No. 18-966-CFC, 2020 WL 3488584 (D. Del. June 26, 2020) ................... 16

*WiAV Sol'ns LLC v. Motorola, Inc.*,
    631 F.3d 1257 (Fed. Cir. 2010)............................................................................. 9

*WSOU Investments, LLC v. Xilinx, Inc.*,
    C.A. No. 20-1228, 2021 WL 2328014 (D. Del. June 8, 2021) ................... 2, 14, 18

*ZapFraud, Inc. v. Barracuda Networks, Inc.*,
    528 F. Supp. 3d 247 (D. Del. 2021) ........................................... 2, 10, 13, 14, 18

**STATUTES**

35 U.S.C. § 271(b) ...................................................................................................... 17

35 U.S.C. § 281.................................................................................................... 10, 12

**RULES**

Fed. R. Civ. P. 12(b)(1).................................................................................. 1, 2, 7, 11

Fed. R. Civ. P. 12(b)(6)............................................................................. 1, 2, 7, 12, 20

Fed. R. Civ. P. 12(b)(7).................................................................................. 1, 8, 12

## I.    NATURE AND STAGE OF THE PROCEEDINGS

On June 18, 2024, Plaintiff Baby Jogger, LLC ("Plaintiff") filed its Complaint ("Original Complaint") against Defendant Baby Generation, Inc. d/b/a Mockingbird ("Mockingbird") asserting claims of direct infringement of U.S. Patent Nos. 8,955,869 ("the 869 patent"); 9,403,550 ("the 550 patent"); 11,192,568 ("the 568 patent"); 11,505,231 ("the 231 patent"); and 11,878,729 ("the 729 patent") (collectively, "the Asserted Patents"). Plaintiff's Original Complaint also included allegations of willful infringement, as well as claims of induced infringement and contributory infringement of four of the five Asserted Patents. (D.I. 1). Mockingbird moved to dismiss Plaintiff's claims of willful infringement and indirect infringement. (D.I. 9). Plaintiff filed an amended complaint ("First Amended Complaint" or "FAC") on September 9, 2024, removing its claims for willful infringement and its accompanying request for enhanced damages. (D.I. 14). On September 13, 2024, this Court entered the parties' stipulation to an extension of time for Mockingbird to answer or otherwise respond to the FAC. (D.I. 16). On October 4, 2024, the Court issued an order denying Mockingbird's motion to dismiss the Original Complaint as moot in light of the First Amended Complaint. (D.I. 17). Mockingbird respectfully moves to dismiss Plaintiff's First Amended Complaint for lack of standing, failure to state a claim, and failure to join a necessary party. Mockingbird also moves to dismiss Plaintiff's claims for indirect infringement and claims for pre-suit damages for failure to state a claim upon which relief can be granted.

## II.    SUMMARY OF THE ARGUMENT

The First Amended Complaint should be dismissed in its entirety under Federal Rules of Civil Procedure 12(b)(1), 12(b)(6), and 12(b)(7). Public assignment records filed with the United States Patent and Trademark Office reveal that Plaintiff does not hold any rights in four of the five Asserted Patents. As a result, Plaintiff lacks standing to bring claims related to those patents and

cannot state a claim for infringement of those patents. *See Intellectual Ventures I v. Erie Indemnity Co.*, 850 F.3d 1315, 1323 (Fed. Cir. 2017). Thus, Mockingbird respectfully requests that the claims of the First Amended Complaint that implicate those patents be dismissed pursuant to Rule 12(b)(1) and Rule 12(b)(6) ). The remaining 568 patent is, at best, co-owned with a nonparty not joined to this action. Therefore, Mockingbird also respectfully requests dismissal of the claims implicating that patent, pursuant to Rule 12(b)(7) for failure to join a party and Rule 12(b)(6) for failure to state a claim. *Taylor v. Taylor Made Plastics, Inc.*, 565 Fed. App'x 888, 889 (Fed. Cir. 2014).

Further, because the First Amended Complaint still fails to plausibly allege facts required to state a claim for indirect infringement, including that Mockingbird had pre-suit knowledge of any of the Asserted Patents or that Mockingbird knowingly or intentionally directed or encouraged others to infringe those patents, Mockingbird respectfully requests dismissal of Baby Jogger's indirect infringement claims pursuant to Fed. R. Civ. P. 12(b)(6) for this additional reason. *ZapFraud, Inc. v. Barracuda Networks, Inc.*, 528 F. Supp. 3d 247, 249 (D. Del. 2021); *WSOU Investments, LLC v. Xilinx, Inc.*, C.A. No. 20-1228, 2021 WL 2328014, *1 (D. Del. June 8, 2021).

Finally, Mockingbird respectfully requests dismissal of any claim to past damages, given that Plaintiff has not sufficiently alleged its compliance with the marking statute, as required. *Express Mobile, Inc. v. Liquid Web,* LLC, C.A. No. 18-0117-RGA, 2019 WL 1596999, at *2 (D. Del. Apr.15, 2019).

## III.    FACTUAL BACKGROUND

**Ownership of the Asserted Patents.** The First Amended Complaint includes only the following bare allegations related to ownership of the Asserted Patents: "The '869 Patent is assigned to Baby Jogger," and "Baby Jogger, as assignee, owns the entire right, title, and interest

in the '869 Patent." D.I. 14, ¶¶ 13-14, ¶¶ 19-20 (550 patent), ¶¶ 25-26 (568 patent), ¶¶ 31-32 (231 patent), ¶¶ 37-38 (729 patent). Yet, public assignment records recorded with the USPTO show that *non-party* Dynamic Brands, LLC ("Dynamic Brands") owns four of the Asserted Patents and co-owns the fifth. (Exs. A-J).

According to Baby Jogger, all of the Asserted Patents trace their priority to U.S. Provisional Application No. 61/119,920 (the "First Provisional"), filed on December 4, 2008. D.I. 14, ¶¶ 12, 18, 24, 30, 36. One year later, on December 4, 2009, later-abandoned U.S. Patent Application No. 12/631,375) (the "Abandoned Application") was filed, claiming priority to the First Provisional. On the same day the Abandoned Application was filed, the sole named inventor on the First Provisional and Abandoned Application (Mark Zehfuss), assigned all of his rights related to the Abandoned Application and First Provisional to Dynamic Brands, including the "full, exclusive and entire right, title, and interest in and to said Application, including in and to any division, continuation, continuation-in-part [. . . ] thereof, and in and to all inventions and improvements thereon." Ex. A. The 2009 Assignment explicitly defines "Application" by reference to the Abandoned Application and the First Provisional, respectively: "a US patent application was filed on December 4, 2009, claiming priority to US provisional number 61/119,920 filed on December 4, 2008, ('Application')"). *Id.* By virtue of the 2009 Assignment, Dynamic Brands became the holder of all right, title, and interest in continuations and continuations-in-part from the First Provisional and Abandoned Application and any right "in and to all inventions and improvements thereon." *Id.* The 2009 Assignment also left the sole inventor, Mr. Zehfuss, with no rights in any continuations or continuations-in-part of the Application as defined, or any "inventions or improvements thereon." *Id.* The 2009 Assignment was recorded with the USPTO in the public Patent Assignment Database for the 869 and 550 patents. (Ex. F; Ex. G).

Also recorded with the USPTO (against the 869 and 550 patents) is an April 20, 2012, "Assignment and Assumption Agreement," ("2012 Agreement"), in which Dynamic Brands assigned certain listed intellectual property to Baby Jogger, LLC. (Ex. B; Ex. F; Ex. G). Relevant here, the 2012 Agreement purports to assign those "patent applications and issued patents set forth on Exhibit B," to the 2012 Agreement, which lists 58 patents and applications. (Ex. B). Included on that list by application number are the First Provisional, and the Abandoned Application. (*Id.*). The 2012 Agreement does not assign any interests in "inventions" or "improvements." (*Id.*). The 2012 Agreement does not assign any rights in continuations or continuations-in-part from the First Provisional or the Abandoned Application. (*Id.*). Thus, by virtue of these two recorded documents, Dynamic Brands retained the rights to any continuations and continuations-in-part from the First Provisional and the Abandoned Application. (Ex. A; Ex. B). No patents issued from the Abandoned Application.

The application leading to the 869 patent was filed on April 25, 2014, as a continuation of the Abandoned Application, also claiming priority to the First Provisional, listing Mr. Zehfuss as the sole inventor. (D.I. 14-1). On February 17, 2015, the 869 patent issued. (*Id.*).

On January 15, 2015, the application leading to the 550 patent was filed as a continuation of the 869 patent application, listing Mr. Zehfuss as the sole inventor. (D.I. 14-2). On April 22, 2015, the 2012 Agreement was "acknowledged" by a notary public ("2015 Acknowledgement") (Ex. C), and later recorded with the USPTO against the 550 patent along with the 2009 Assignment (Ex. G). Despite the filing of new continuation applications and the issuance of the 869 patent in the intervening years, the 2015 Acknowledgement did not list these applications or the 869 patent. *Id.* On August 2, 2016, the 550 patent issued. D.I. 14-2.

The three remaining Asserted Patents (the 568, 231, and 729 patents) issued in 2021, 2022,

4

and 2024, as continuations-in-part of the 550 patent. (D.I. 14-3, 14-4, 14-5). These three patents also claim priority to U.S. Provisional Application No. 62/311,224, filed March 21, 2016 (the "Second Provisional"). (D.I. 14, ¶¶ 12, 18, 24, 30, 36; D.I. 14-3, 14-4, 14-5). The USPTO Assignment Abstract for the 729 patent lists a 2016 Assignment recorded with the USPTO, which purports to evidence the assignment of Mr. Zehfuss's rights in a continuation-in-part of the 550 patent, an application that issued as (unasserted) U.S. Patent No. 9,944,305.[1] (Ex. E). At the time of execution, however, Mr. Zehfuss held no rights in that application, as he had already transferred his rights in any such continuation-in-part to Dynamic Brands in 2009. (Ex. A). Baby Jogger does not appear to have recorded an assignment for the 231 patent (*see* Ex. I), but the 2009 Assignment and 2012 Agreement evidence that, as with the 869, 729, and 550 patents, Dynamic Brands holds all rights in the 231 patent. (Ex. A; Ex. B).

Unlike the other four asserted patents, all of which list Mr. Zehfuss as the sole inventor, the 568 patent lists three other co-inventors. (D.I. 14-3). The 2016 Assignment recorded with the USPTO appears to evidence that these co-inventors transferred their right, title, and interest in the 568 patent to Baby Jogger, LLC. (Ex. D; Ex. H). By virtue of the 2009 Agreement, Dynamic Brands also holds an interest in the 568 patent. (Ex. B).

**Plaintiff's Withdrawal of Its Willful Infringement Allegations.** Faced with Mockingbird's Motion to Dismiss the Original Complaint, Plaintiff filed its First Amended Complaint on September 9, 2024. Acknowledging the insufficiency of its willful infringement allegations, the FAC no longer contains any allegations of willful infringement, nor does it seek enhanced damages. *Compare* D.I. 1 ¶¶ 53, 71, 106, 143, 179 (alleging willful infringement) *with*

---

[1] The 2016 Assignment recorded against the 729 patent also includes assignments from the co-inventors on the unasserted 305 patent, yet Mr. Zehfuss is the sole named inventor on the asserted 729 patent. (Ex. E).

D.I. 14 (no allegations of willful infringement).

**Plaintiff's Allegations of Indirect Infringement.** The First Amended Complaint also includes claims of induced infringement of four of the five Asserted Patents (excluding the 869 patent). As with the Original Complaint, the FAC's allegations in support of these claims are conclusory recitations, repeated for each relevant patent:

- "Mockingbird has had actual knowledge of the [relevant] Patent and its infringement of the [relevant] Patent, since at least as early as June 18, 2024, which is the date of filing of the original Complaint, or at the latest, since June 20, 2024, which is the date of service of the original Complaint." (D.I. 14, ¶ 71, ¶ 108, ¶ 147, ¶ 185).[2]

- "The application that led to the '550 Patent (U.S. Patent Application No. 14/597,420) was published on May 7, 2015, and thus was publicly available as of that date." (*Id.*, ¶ 72, ¶ 109 (The FAC does not include this allegation for the 231 or the 729 patents)).

- "Further, Baby Jogger has virtually marked its City Select strollers since at least as early as January 2023 with, *inter alia*, the [relevant] Patent." (*Id.*, ¶ 72, ¶ 109, ¶ 149 (The FAC does not include this allegation for the 869 or 729 patents)).

- "Baby Jogger and Mockingbird are direct competitors in the baby stroller market. On information and belief, Mockingbird monitors the products and patent filings of its competitors, including Baby Jogger, and therefore would have been aware of the [relevant] Patent and the Baby Jogger City Select strollers." (*Id.*, ¶ 73, ¶ 110, ¶ 148, ¶ 186).

The FAC also includes bare allegations reciting the legal elements of induced infringement. (D.I. 14, ¶¶ 74-81, 111-118, 150-157, 187-193). Plaintiff's claims of contributory infringement include

---

[2] This allegation for the 729 Patent mistakenly lists "June 20, 2024," as the date of filing of the Original Complaint, but is otherwise identical. D.I. 14, ¶ 185.

6

the same conclusory allegations related to knowledge of the patents and infringement as listed above, slightly altered to recite elements related to contributory infringement, instead of inducement. (*Id.*, ¶¶ 83-89, ¶¶ 120-126, ¶¶ 159-165; ¶¶ 195-200). The Complaint contains no specific factual allegations of Mockingbird's knowledge of the Asserted Patents or knowing and intentional infringement of the Asserted Patents. (D.I. 14).

## IV. LEGAL STANDARDS

**Motion to Dismiss under Rule 12(b)(1).** Federal Rule of Civil Procedure 12(b)(1) authorizes dismissal of a complaint for lack of subject matter jurisdiction, including where the plaintiff lacks standing. *Samsung Elecs. Co., Ltd. v. ON Semiconductor Corp.*, 541 F. Supp.2d 645, 648 (D. Del. 2008); Fed. R. Civ. P. 12(b)(1). Rule 12(b)(1) motions may present facial or factual challenges to a court's subject matter jurisdiction:

> In reviewing a facial challenge under Rule 12(b)(1), the standards relevant to Rule 12(b)(6) apply. In this regard, the Court must accept all factual allegations in the Complaint as true, and the Court may only consider the complaint and documents referenced in or attached to the complaint. In reviewing a factual challenge to the Court's subject matter jurisdiction, the Court is not confined to the allegations of the complaint, and the presumption of truthfulness does not attach to the allegations in the complaint. Instead, the Court may consider evidence outside the pleadings [. . .] to resolve any factual issues bearing on jurisdiction.

*Id.* "Once the Court's jurisdiction is challenged, the plaintiff bears the burden of proving that jurisdiction exists." *Id.*

**Motion to Dismiss under Rule 12(b)(6).** Federal Rule of Civil Procedure 12(b)(6) permits a court to dismiss all or part of an action for "failure to state a claim upon which relief can be granted." When considering a motion to dismiss under Rule 12(b)(6), "the Court must accept as true all factual allegations in the Complaint and view those facts in the light most favorable to the plaintiff." *Cleveland Med.*, 696 F. Supp. 3d at 8 (citing *Fed. Trade Comm'n v. AbbVie Inc.*, 976 F.3d 327, 35 (3d Cir. 2020)). To survive a 12(b)(6) motion to dismiss, "a complaint must contain

sufficient actual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim is facially plausible 'when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" *Klotz v. Celentano Stadtmauer & Walentowicz LLP*, 991 F.3d 458, 462 (3d. Cir. 2021) (quoting *Iqbal*, 556 U.S. at 678). Although reasonable inferences may be drawn, the Court will "'disregard legal conclusions and recitals of the elements of a cause of action supported by mere conclusory statements.'" *Doe v. Princeton Univ.*, 30 F.4th 335, 342 (3d Cir. 2022) (quoting *Davis v. Wells Fargo*, 824 F.3d 333, 341 (3d Cir. 2016). The Court may also consider matters of which judicial notice can be taken, including patent assignments and other records registered with the USPTO and available through the USPTO's public website. *McDowell v. U.S. ex rel. Holder*, No. 12-1302-SLR, 2013 WL 1953340, at *1 (D. Del. May 10, 2013), *report and recommendation adopted sub nom. McDowell v. United States*, No. 12-1302-SLR/SRF, 2013 WL 2456742 (D. Del. June 5, 2013) (taking judicial notice of public records from USPTO's patent assignment database website in the context of a Rule 12(b)(6) motion).

**Motion to Dismiss Under Rule 12(b)(7) and Necessary Parties for Patent Infringement Action.** Federal Rule of Civil Procedure 12(b)(7) authorizes courts to dismiss an action for failure to join a necessary party under Rule 19. Where a patent is co-owned by a plaintiff, "that joint owner must join all the other co-owners to establish standing," *Israel Bio-Eng'g. Project v. Amgen, Inc.*, 475 F.3d 1256, 1264-65 (Fed. Cir. 2007). What's more, the Federal Circuit has held that "Rule 19 does not permit the involuntary joinder of a patent co-owner in an infringement suit brought by another co-owner." *Lone Star Silicon Innovations LLC v. Nanya Tech. Corp.*, 925 F.3d 1225, 1238 (Fed. Cir. 2019). Rather, it is well-settled that "as a matter of patent law, all co-

8

owners must ordinarily consent to join as plaintiffs in an infringement suit." *Ethicon, Inc. v. U.S. Surgical Corp.*, 135 F.3d 1456, 1467 (Fed. Cir. 1998); *see also STC UNM v. Intel Corp.*, 754 F.3d 940, 944 (Fed. Cir. 2014). Failure to join all co-owners requires dismissal of a patent infringement suit. *Taylor v. Taylor Made Plastics, Inc.*, 565 Fed. App'x at889 ("[i]f any co-owner should refuse to join as a co-plaintiff, the suit must be dismissed for lack of standing.").

**Article III standing.** "Standing is a constitutional requirement pursuant to Article III and it is a threshold jurisdictional issue." *Abraxis Biosciences, Inc. v. Navinta LLC*, 625 F.3d 1359, 1363 (Fed Cir. 2010). "A plaintiff bears the burden of persuasion to show it has standing." *Cirba Inc v. VMWare, Inc.*, C.A. No. 19-742-LPS, 2020 WL 2992348, at *1-*2 (D. Del. 2020) (citing *Kehr Packages, Inc. v. Fidelcore, Inc.*, 926 F.2d 1406, 1409 (3d. Cir. 1991) and *Sicom Sys., Ltd. v. Agilent Techs., Inc.*, 427 F.3d 971, 976 (Fed. Cir. 2005)). The Federal Circuit has confirmed that "'the touchstone of constitutional standing in a patent infringement suit is whether a party can establish that it has an exclusionary right in a patent that, if violated by another, would cause the party holding the exclusionary right to suffer legal injury.'" *Univ. of S. Fla. Research Found., Inc. v. Fujifilm Med. Systems U.S.A., Inc.*, 19 F.4th 1315, 1323 (Fed. Cir. 2021) (quoting *WiAV Sol'ns LLC v. Motorola, Inc.*, 631 F.3d 1257, 1265 (Fed. Cir. 2010)); *see also In re Cirba*, 2021-154, 2021 WL 4302979, at *4 (Fed. Cir. 2021); *Cirba, Inc. v. VMWare, Inc.*, C.A. No. 19-742-GBW, 2023 WL 2428716, at *3-*4 (D. Del. Mar. 9, 2023); *Intellectual Tech LLC v. Zebra Techs. Corp.*, 101 F.4th 807, 813-14 (Fed. Cir. May 1, 2024) (noting Article III's injury in fact requirement in the context of patent infringement requires "at least one exclusionary right" in the asserted patent).

**Section 281's Patentee Requirement.** Section 281 of the Patent Act sets forth the additional statutory requirement that "only a patentee may bring an action for patent infringement." *Abbott Point of Care Inc. v. Epocal, Inc.*, 666 F.3d 1299, 1302 (Fed. Cir. 2012) (citing 35 U.S.C.

§ 281). A patentee is defined as "the party to whom patent issued or any successors in title to the patent." *Id.* The party asserting that it is a patentee "has the burden to show necessary ownership rights to support standing to sue." *Id.*

**Claims of Indirect Infringement**. "Claims of indirect infringement – that is, induced or contributory infringement – require proof that the defendant's conduct occurred after the defendant (1) knew of the existence of the asserted patent and (2) knew that a third party's acts constituted infringement of the patent." *ZapFraud, Inc. v. Barracuda Networks, Inc.*, 528 F. Supp. 3d 247, 249 (D. Del. 2021) (citing, *e.g.*, *Commil USA, LLC v. Cisco Sys., Inc.*, 135 S. Ct. 1920, 1926 (2015)); *see also Bio-Rad Labs. Inc. v. Int'l Trade Comm'n*, 998 F.3d 1320 (Fed. Cir. 2021).

**Patent damages.** It is the patentee's burden to plead compliance with the marking statute, 35 U.S.C. § 287, in order to recover past damages. *Express Mobile, Inc.*, 2019 WL 1596999, at *2.

## V.    ARGUMENT

### A.    The First Amended Complaint Should be Dismissed Under Rule 12(b) Due to Plaintiff's Lack of Rights in the Asserted Patents.

Because publicly filed assignment records show that Plaintiff does not hold any interest in four of the five Asserted Patents and co-owns the fifth with a non-party, the First Amended Complaint should be dismissed under Federal Rules of Civil Procedure 12(b)(1), 12(b)(6), and 12(b)(7). By virtue of the 2009 Assignment, non-party Dynamic Brands holds all right, title, and interest in continuations and continuations-in-part from the First Provisional and Abandoned Application and any right "in and to all inventions and improvements thereon," which includes four of the five Asserted Patents. (Ex. A). *See Intellectual Ventures*, 850 F.3d at 1323 (assignment of "invention" may suffice to convey rights in continuation applications). The public record indicates that those rights remain with Dynamic Brands to this day. (Ex. A; Ex. B). The 2012 Agreement did not effectuate the transfer of any rights beyond those applications specifically

10

enumerated therein (the First Provisional Application and the Abandoned Application). *Id.* Assignment of a patent application, without more, does not suffice to transfer rights in any related patent applications, such as continuations and continuations-in-part. *See Intellectual Ventures*, 850 F.3d at 1323. As the Federal Circuit held in a strikingly similar factual situation, a grant of "rights 'in and to' a particular patent" do not "automatically include its child applications." *Id.* Nor can the Plaintiff's belief or behavior that such rights were transferred (such as listing itself as the assignee and paying issuance fees) override the express language of the parties' agreement. *Id.* at 1322. Because the 2012 Agreement conveyed only the First Provisional and Abandoned Application and not any continuations or continuations-in-part (*see* Ex. B), all rights in the 869, 550, 231, and 729 patents are held by Dynamic Brands and Plaintiff holds no interest in those four patents. (Ex. A).

Plaintiff fails to allege any facts supporting its ownership interest, let alone facts that may refute the public record. (D.I. 14). Instead, the FAC includes only the bare allegation that the Asserted Patents are "assigned to Baby Jogger" and "Baby Jogger, as assignee, owns the entire right, title, and interest in the [Asserted Patents]." (*Id.*, ¶¶ 13-14, ¶¶ 19-20, ¶¶ 25-26, ¶¶ 31-32, ¶¶ 37-38). This is insufficient to support even a facially plausible claim. *See Doe v. Princeton Univ.*, 30 F.4th at 342 (the Court will "disregard legal conclusions and recitals of the elements of a cause of action supported by mere conclusory statements.").

Because Plaintiff does not have a single legal right in these four patents, Plaintiff does not have Article III standing to bring its claims related to those patents. *Intellectual Ventures*, 850 F.3d at 1324; *see also Cirba, Inc.*, 2023 WL 2428716, at *3-*4; *In re Cirba*, 2021 WL 4302979, at *4. Thus, Mockingbird respectfully requests dismissal of Counts 1-4 and 8-13 under Rule 12(b)(1) and/or 12(b)(6).

11

Further, due to Plaintiff's lack of ownership in these four patents, Plaintiff is not a patentee as required to bring a claim under Section 281. 35 U.S.C. § 281; *Abbott*, 666 F.3d at 1302. And Plaintiff's bald, conclusory assertions of assignment are insufficient to plausibly allege the rights required to bring a claim under Section 281. *See Doe v. Princeton Univ.*, 30 F.4th 335, 342 (3d Cir. 2022) (the Court will "disregard legal conclusions and recitals of the elements of a cause of action supported by mere conclusory statements."). For this further reason, dismissal of Counts 1-4 and 8-13 under Rule 12(b)(1) and/or 12(b)(6) is appropriate.

For the claims implicating the remaining 568 patent, co-owned with Dynamic Brands (*see* Ex. A; Ex. B; Ex. D), Federal Circuit precedent mandates that the suit cannot proceed without Dynamic Brands. *Lone Star*, 925 F.3d at 1236; *Taylor*, 565 Fed. App'x at 889 ("[i]f any co-owner should refuse to join as a co-plaintiff, the suit must be dismissed for lack of standing."); *Israel Bio-Eng'g Project*, 475 F.3d at 1264-65. At the same time, Plaintiff may not involuntarily join Dynamic Brands to this suit. *Lone Star*, 925 F.3d at 1238 ("Rule 19 does not permit the involuntary joinder of a patent co-owner in an infringement suit brought by another co-owner."). Accordingly, Mockingbird respectfully requests that Plaintiff's claims relating to the 568 patent (Counts 5-7) be dismissed under Rule 12(b)(7) for failure to join a necessary party and under Rule 12(b)(6) for failure to state a claim due to this lack of standing.

> **B.      The First Amended Complaint Fails to State a Claim for Indirect Infringement Because It Fails to Allege Knowledge of the Asserted Patents or Knowledge of Infringement of the Asserted Patents.**

The First Amended Complaint includes claims of both induced infringement and contributory infringement. *See Silvergate Pharms., Inc. v. Bionpharma Inc.*, C.A. No. 18-1962-LPS, 2021 WL 1751148, at *25 (D. Del. Apr. 29, 2021). Such "[c]laims of indirect infringement – that is, induced or contributory infringement – require proof that the defendant's conduct occurred after the defendant (1) knew of the existence of the asserted patent and (2) knew that a

third party's acts constituted infringement of the patent." *ZapFraud, Inc. v. Barracuda Networks, Inc.*, 528 F. Supp. 3d 247, 249 (D. Del. 2021) (citing, *e.g.*, *Commil USA, LLC v. Cisco Sys., Inc.*, 135 S. Ct. 1920, 1926 (2015)); *see also Bio-Rad Labs. Inc. v. Int'l Trade Comm'n*, 998 F.3d 1320, 1335 (Fed. Cir. 2021). But, although the First Amended Complaint here includes allegations of induced infringement and contributory infringement of four of the five Asserted Patents, Plaintiff has not sufficiently pled either of these required elements for those patents. (D.I. 14). In similar situations, this Court has dismissed claims of indirect infringement. *See Cleveland Med.*, 696 F. Supp. 3d at 12-13 (dismissing pre-suit indirect infringement claims for failure to plausibly allege pre-suit knowledge of infringement).

Because Mockingbird was unaware of the Asserted Patents until it received the Original Complaint, the FAC does not (and cannot) plausibly allege that Mockingbird had any pre-suit knowledge of the Asserted Patents, let alone knowledge of its infringement of the same. The FAC's scant allegations fall far short of what is required to state a claim for indirect infringement.

### 1.    The First Amended Complaint Does Not Plausibly Allege Knowledge of the Asserted Patents.

The FAC does not plausibly allege that Mockingbird knew of the Asserted Patents prior to the filing of the Original Complaint. (D.I. 14). Plaintiff seems to concede as much, stating "Mockingbird has had actual knowledge of the [relevant] Patent and its infringement of the [relevant] Patent, since at least as early as June 18, 2024, which is the date of filing of the original Complaint, or at the latest, since June 20, 2024, which is the date of service of the original Complaint." (*Id.*, e.g., ¶ 71, ¶ 108, ¶ 147, ¶ 185). Beyond this unremarkable allegation, the FAC also alleges that (1) published applications leading to certain of the Asserted Patents were "publicly available" as of the date of their publication; (2) Plaintiff "has virtually marked its City Select strollers with [some of the Asserted Patents] since at least as early as January 2023;" and (3) "On

13

information and belief, Mockingbird monitors the products and patent filings of its competitors, including Baby Jogger, and therefore would have been aware of the [Asserted Patents] and the Baby Jogger City Select strollers." (D.I. 14). None of these are sufficient to alleged pre-suit knowledge, as detailed below.

First, the First Amended Complaint relies on the allegation that Mockingbird gained knowledge of the Asserted Patents as of the filing (or alternatively, as of the service) of the Original Complaint, an allegation which courts have found cannot support a claim of indirect infringement. *ZapFraud*, 528 F. Supp. 3d at 249 ("the operative complaint in a lawsuit fails to state a claim for indirect patent infringement where the defendant's alleged knowledge of the asserted patents is based solely on the content of that complaint or a prior version of the complaint filed in the same lawsuit"); *WSOU Investments*, 2021 WL 2328014, at *1.

Second, Plaintiff's claims for indirect infringement of the 550 and 568 patents also allege that the "application that led to" each of those patents "was publicly available as of [the] date [of its publication]."[3] (D.I. 14, e.g., ¶ 72, ¶ 109). This allegation does not suggest that Mockingbird *knew* of the patent applications, but only that they were publicly available and, thus, this allegation is insufficient to allege pre-suit knowledge. *Wrinkl, Inc.*, 2021 WL 4477022, at *6 (noting that "[i]f a pleading that 'ongoing prosecution and eventual issuance [of the asserted patent] were matters of public record' were sufficient it would effectively support a finding of pre-suit knowledge for every patent."). Further, even if Plaintiff's allegations were read to allow an inference of knowledge of the patent applications leading to the Asserted Patents, this is nevertheless insufficient. "Knowledge of a patent application alone, however, is not enough to

---

[3] This allegation is included only for the 550 and 568 patents and cannot support an allegation of indirect infringement of the 231 or 729 patents.

14

establish knowledge of the patent(s) that issues from that application." *iFit*, 2022 WL 609605, at *1-2. As the Federal Circuit has explained, "[f]iling an application is no guarantee any patent will issue" and "[w]hat the scope of the claims in patents that do issue will be is something totally unforeseeable." *State Indus., Inc. v. A.O. Smith Corp.*, 751 F.2d 1226, 1236 (Fed. Cir. 1985).

Plaintiff's claims for indirect infringement of the 550 patent, 568 patent, and 231 patent also include an allegation that "Baby Jogger has virtually marked its City Select strollers since at least as early as January 2023." (D.I. 14 at, e.g., ¶ 72 (550 patent), ¶ 109 (568 patent), ¶ 149 (231 patent)).[4] As a matter of law, the First Amended Complaint's vague allegations that Plaintiff has virtually marked its products is not sufficient to show the requisite knowledge of the patents needed for indirect infringement. *Azurous, Inc. v. Kennedy Int'l, Inc.*, No. CV 2-04770 (ZNQ), 2024 WL 3219663, at *7 (D.N.J. June 28, 2024) (bare allegation of marking with the asserted patent was insufficient to plead pre-suit knowledge); *Splunk Inc. v. Cribl, Inc.*, No. 22-07611 WHA, 2023 WL 2562875, *2-*4 (N.D. Cal. 2023) (dismissing indirect infringement claims where complaint alleged, inter alia, plaintiff's product was marked with the asserted patents); *Kirsch Research & Dev., LLC v. Tarco Specialty Prods., Inc.*, 2021 WL 4555802, at *2-*3 (W.D. Tex. 2021) (dismissing induced infringement claim, finding that allegation of marking in combination with other allegations was insufficient to show requisite knowledge); *Lippert Components Mfg. v. MOR/ryde, Inc.,* 2018 WL 345767, *2 n.2 (N.D. Ind., Jan. 10, 2018) ("alleging marking doesn't allow the court to infer a defendant's knowledge of the patent-in-suit").

Plaintiff also broadly alleges that the parties "are direct competitors in the baby stroller

---

[4] If the Court relies on the virtual marking allegations in finding that Plaintiff has sufficiently pleaded indirect infringement, Mockingbird respectfully submits that the indirect infringement allegations as to the 729 patent should nevertheless be dismissed as this allegation is not included for that patent.

market," and thus, "[o]n information and belief, Mockingbird monitors the products and patent filings of its competitors, including Baby Jogger, and therefore would have been aware of the [relevant] Patent and the Baby Jogger City Select strollers." (D.I. 14 at, e.g., ¶ 148). Courts have also rejected these types of allegations, finding they are insufficient to plausibly allege pre-suit knowledge. *See Malvern Panalytical*, 2021 WL 3856145, at *3) (generic allegations of, inter alia, "competitor monitoring" were insufficient to support inferences of pre-suit knowledge of the patents-in-suit or pre-suit knowledge of infringement); *see also Lippert Components Mfg., Inc. v. MOR/ryde, Inc.*, No. 16-263 RLM-MGG, 2018 WL 345767, at *2 (N.D. Ind. Jan. 10, 2018) (failure to sufficiently allege pre-suit knowledge where the "only factual allegations in support of the knowledge element are that the companies were competitors and [defendant] actively monitored intellectual property in the [relevant] industry.").

Finally, the First Amended Complaint's passing reference to "willful blindness" cannot rescue Plaintiff's claims. Although it is possible that specific allegations of "willful blindness" may suffice to show pre-suit knowledge in certain circumstances, no such allegations are found here. The FAC does not allege any "affirmative actions taken by the defendant to avoid gaining actual knowledge of the patent-in-suit," which might suffice to plausibly allege knowledge through willful blindness. *MONEC Holding AG v. Motorola Mobility, Inc.*, 897 F. Supp. 2d 225, 230 (D. Del. 2012) (citing *Global-Tech Appliances, Inc. v. SEB S.A.*, 563 U.S. 745, 769 (2011); *see also VLSI Tech. LLC v. Intel Corp.*, C.A. No. 18-966-CFC, 2020 WL 3488584, at *2 (D. Del. June 26, 2020). Rather, the FAC baldly asserts that Mockingbird provides accused products to its customers "[d]espite such knowledge of the [relevant] Patent, or being willfully blind to the existence of the [relevant] Patent." D.I. 14, e.g., ¶¶ 74, 86 (550 patent); *see also id.*, ¶¶ 111, 123 (568 patent), ¶¶ 150, 162 (231 patent), ¶¶ 187, 197 (729 patent). This mere recitation of the words "willfully

16

blind" falls far short of the requisite showing. *Malvern Panalytical Ltd. v. Ta Instrument-Waters LLC*, No. 19-CV-2157-RGA, 2021 WL 3856145, at *4 (D. Del. Aug. 27, 2021) (dismissing claims based on willful blindness where complaint "simply recites the willful blindness standard and does not allege any direct actions"); *MONEC Holding*, 897 F. Supp. 2d at 230 ("[a] complaint that fails to identify any affirmative actions taken by the defendant to avoid gaining actual knowledge of the patent-in-suit is insufficient to state a claim for relief based on the willful blindness theory" for indirect infringement).

The FAC's failure to allege pre-suit knowledge is fatal to its claims of indirect infringement. *See Wrinkl*, 2021 WL 4477022, at *8 ("Since there are insufficient allegations of pre-suit knowledge of the '192 Patent, I will dismiss the indirect and willful infringement claims relating to it.").

### 2. The First Amended Complaint Does Not Plausibly Allege Knowledge of Infringement of the Asserted Patents.

Indirect infringement claims also require more than mere knowledge of the asserted patent. For instance, to sufficiently plead induced infringement under 35 U.S.C. § 271(b), "a complaint must plead facts plausibly showing that the accused infringer *specifically intended another party to infringe* the patent and *knew that the other party's acts constituted infringement*." *Lifetime Indus., Inc. v. Trim-Lok, Inc.*, 869 F.3d 1372, 1379 (Fed. Cir. 2017) (emphasis added). For contributory infringement, the patentee must show, among other things, that the "defendant had knowledge of patent infringement." *Bio-Rad*, 998 F.3d at 1335.

Despite these pleading requirements, the FAC fails to plausibly allege that Mockingbird had knowledge of the purported infringement, let alone that it "specifically intended" that its customers infringe the patents and "knew that [its customers'] acts constituted infringement." *Lifetime Indus.*, 869 F.3d at 1379. Beyond the boilerplate recitation of elements related to induced

17

and contributory infringement, there are no specific factual allegations supporting Plaintiff's claims of indirect infringement. For pre-suit knowledge of infringement, the FAC relies on the conclusory allegation that "Mockingbird has had actual knowledge of the [relevant] Patent [s]ince at least as early as June 18, 2024, which is the date of filing of the original Complaint," or as of the service of that Original Complaint (D.I. 14, e.g., ¶ 71, ¶ 108, ¶ 147, ¶ 185). Courts in this District have rejected this as a basis for knowledge of infringement. *ZapFraud*, 528 F. Supp. 3d at 249; *WSOU Investments*, 2021 WL 2328014, at *1. Nor are the generic allegations that, "[o]n information and belief," Mockingbird "monitors the products and patent filings of its competitors," or that Plaintiff virtually marks its products, sufficient to plausibly allege pre-suit knowledge of infringement, as discussed above.

For induced infringement, the FAC also generically lists elements of induced infringement. (D.I. 14, e.g., ¶ 76 (550 patent); ¶ 113 (568 patent), ¶ 152 (231 patent), ¶ 189 (729 patent) ("Mockingbird has induced, and continues to induce, infringement of the [relevant] Patent by actively, knowingly, and intentionally inducing its customers to directly infringe…"); *id.* ¶ 79 (550 patent); ¶ 117 (568 patent), ¶ 156 (231 patent), ¶ 192 (729 patent) ("On information and belief, Mockingbird has knowingly and intentionally encouraged and aided its customers to directly infringe the [relevant] Patent and continues to do so."); *id.* ¶ 81 (550 patent); ¶ 118 (568 patent), ¶ 157 (231 patent), ¶ 139 (729 patent) ("On information and belief, Mockingbird specifically intended and intends that its actions will induce infringement of the [relevant] Patent, or subjectively believes that its actions will result in infringement of the [relevant] Patent."). However, the FAC does not provide any detailed information regarding Mockingbird's purported specific intent or knowing inducement. The FAC's passing reference to product literature "designed to instruct, encourage, direct, enable, and facilitate use [of the Accused Products] in a

18

manner that infringes" is likewise insufficient. (D.I. 14, e.g., ¶ 77). *Cleveland Med.*, 696 F. Supp. 3d at 13. These types of conclusory recitations fail to state a claim. *Id.* at 11-13 ("CleveMed may not depend on conclusory allegations" to state a claim of induced infringement); *Dynamic Data Techs., LLC v. Amlogic Holdings Ltd.*, C.A. No. 19-1239-CFC, 2020 WL 4365809 (D. Del. July 30, 2020) ("conclusory statements that merely recite the legal requirements for induced infringement" are insufficient to plausibly allege pre-suit knowledge of infringement).

Similarly, for contributory infringement, the FAC offers only boilerplate, conclusory recitations of the type that this Court and others have held fail to state a claim for contributory infringement. (D.I. 14, ¶¶ 83-89, ¶¶ 120-126, ¶¶ 159-165; ¶¶ 195-200). *See Cleveland Med.*, 696 F. Supp. 3d at 11-13 ("CleveMed may not depend on conclusory allegations" to state a claim of contributory infringement).

The First Amended Complaint alleges no plausible facts supporting its indirect infringement claims because there are none. Here, there was not even so much as a pre-suit communication, nor does the FAC allege any such communication or information relating to Mockingbird's pre-suit knowledge of infringement. D.I. 14. Complaints in other cases have alleged far more, including pre-suit letters from the patentee to the accused infringer, and still failed to state a claim for indirect infringement. *See Dynamic Data Techs. v. Google LLC*, No. 19-1529-CFC, 2020 WL 1285852, at *2–3 (D. Del. Mar. 18, 2020) (dismissing indirect and willful infringement claims, where pre-suit letter failed to "explain why it is that the accused [defendant] products at issue . . . infringed those particular patents"), *report and recommendation adopted*, 2020 WL 3103786 (D. Del. June 11, 2020); *Deere & Co. v. AGCO Corp.*, No. 18-827-CFC, 2019 WL 668492, at *6–7 (D. Del. Feb. 19, 2019) (dismissing claims of indirect and willful infringement despite pre-suit letter because that letter did not state or explain how the accused

19

product infringe and thus there was no plausible basis to conclude the defendants had knowledge of infringement). Because the FAC here fails to allege *any* facts plausibly supporting the knowledge of infringement of the Asserted Patents needed to sustain a claim of indirect infringement, those claims should be dismissed.

### C. The FAC Fails to Allege Compliance with the Marking Statute and Thus, Any Claims for Past Damages Should be Dismissed Under Rule 12(b)(6).

A patentee who makes or sells a patented article must mark the articles to recover past damages. 35 U.S.C. § 287(a). It is the patentee's burden to plead compliance with this marking statute in order to recover past damages. *Express Mobile, Inc.*, 2019 WL 1596999 at *2. Failure to plead compliance with the marking statute warrants dismissal of claims for past damages. *Id.*)

Plaintiff fails to allege that it has "consistently marked substantially all of its patented products," as required to comply with the marking requirements of Section 287. *Sentry Protection Prods., Inc. v. Eagle Mfg. Co.*, 400 F.3d 910, 918 (Fed. Cir. 2005). For the 869 and 729 patents, the FAC includes no allegations related to marking. For the remaining patents, Plaintiff's bare allegations that it "has virtually marked its City Select strollers since at least as early as January 2023" are insufficient to show that it has consistently marked substantially all of its patented products. *See Express Mobile, Inc.*, 2019 WL 1596999 at *2.

## VI. CONCLUSION

For the foregoing reasons, Mockingbird respectfully requests that the First Amended Complaint be dismissed in its entirety under Rules 12(b)(1), 12(b)(6), and 12(b)(7) because Plaintiff lacks a sufficient ownership interest in the Asserted Patents. In addition, Mockingbird respectfully requests that Baby Jogger's indirect infringement claims (Counts 3, 4, 6, 7, 9, 10, 12, and 13), be dismissed for failure to state a claim under Rule 12(b)(6). Finally, Plaintiff's claims of past damages should be dismissed for failure to allege compliance with 35 U.S.C. § 287.

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

*/s/ Jeremy A. Tigan*

OF COUNSEL:

Joseph W. Staley
Scott P. Amy
Andrea P. Nguyen
PERILLA KNOX & HILDEBRANDT LLP
5871 Glenridge Drive, Suite 350
Atlanta, GA  30328
(770) 927-7802

Jack B. Blumenfeld (#1014)
Jeremy A. Tigan (#5239)
1201 North Market Street
P.O. Box 1347
Wilmington, DE  19899-1347
(302) 658-9200
jblumenfeld@morrisnichols.com
jtigan@morrisnichols.com

*Attorneys for Defendant Baby Generation, Inc.
d/b/a Mockingbird*

October 7, 2024

21

## CERTIFICATE OF SERVICE

I hereby certify that on October 7, 2024, I caused the foregoing to be electronically filed with the Clerk of the Court using CM/ECF, which will send notification of such filing to all registered participants.

I further certify that I caused copies of the foregoing document to be served on October 7, 2024, upon the following in the manner indicated:

Andrew C. Mayo                                           *VIA ELECTRONIC MAIL*
ASHBY & GEDDES
500 Delaware Avenue, 8th Floor
P.O. Box 1150
Wilmington, DE  19801
*Attorneys for Plaintiff Baby Jogger, LLC*

John W. Harbin                                           *VIA ELECTRONIC MAIL*
Gregory J. Carlin
Walter Hill Levie III
Robert J. Leonard
MEUNIER CARLIN & CURFMAN LLC
999 Peachtree Street NE, Suite 1300
Atlanta, GA  30309
*Attorneys for Plaintiff Baby Jogger, LLC*


*/s/ Jeremy A. Tigan*
_____
Jeremy A. Tigan (#5239)