IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| BABY JOGGER, LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No. 24-725-GBW |
| | ) | |
| BABY GENERATION, INC. d/b/a | ) | |
| MOCKINGBIRD, | ) | |
| | ) | |
| Defendant. | ) | |

**PLAINTIFF BABY JOGGER, LLC'S RESPONSE IN OPPOSITION TO DEFENDANT
BABY GENERATION, INC. D/B/A MOCKINGBIRD'S MOTION TO DISMISS**

*Of Counsel:*

John W. Harbin
Gregory J. Carlin
Walter Hill Levie III
Robert J. Leonard
MEUNIER CARLIN & CURFMAN LLC
999 Peachtree Street NE, Suite 1300
Atlanta, GA  30309
(404) 645-7700

Dated:  October 21, 2024

ASHBY & GEDDES
Andrew C. Mayo (#5207)
500 Delaware Avenue, 8th Floor
P.O. Box 1150
Wilmington, DE 19899
(302) 654-1888
amayo@ashbygeddes.com

*Attorneys for Plaintiff Baby Jogger, LLC*

{02061425;v1 }

**TABLE OF CONTENTS**

I.   NATURE AND STAGE OF THE PROCEEDINGS ........................................................... 1

II.  SUMMARY OF THE ARGUMENT ................................................................................. 1

III. STATEMENT OF FACTS ................................................................................................ 3

    A.   The Assignment Of All Right, Title And Interest In The Asserted Patents To Baby Jogger ........................................................................................................... 3

    B.   The First Amended Complaint ............................................................................... 4

IV.  LEGAL STANDARDS ..................................................................................................... 5

V.   ARGUMENT ..................................................................................................................... 5

    A.   The First Amended Complaint Sufficiently Pleads Baby Jogger's Ownership of the Asserted Patents ............................................................................................... 5

        1.   The First Amended Complaint sufficiently pleads Article III constitutional standing ....................................................................................................... 6

        2.   The First Amended Complaint sufficiently pleads statutory standing under 35 U.S.C. § 281 .......................................................................................... 7

        3.   Extrinsic evidence confirms Baby Jogger's ownership of the Asserted Patents ......................................................................................................... 10

        4.   Leave to Amend ......................................................................................... 12

    B.   The First Amended Complaint Sufficiently Pleads Mockingbird's Knowledge Of The Assert Patents And Its Infringement ............................................................. 13

        1.   The First Amended Complaint sufficiently pleads facts to establish that Mockingbird's pre-suit knowledge is plausible ....................................... 13

        2.   The First Amended Complaint sufficiently alleges post-filing knowledge ................................................................................................................... 14

    C.   The First Amended Complaint Sufficiently Pleads Compliance With Marking .. 18

VI.  CONCLUSION ................................................................................................................ 19

**TABLE OF AUTHORITIES**

**CASES**                                                                                           **Page(s)**

*Align Tech., Inc. v. 3Shape A/S*,
    339 F. Supp. 3d 435 (D. Del. 2018)................................................................2, 13

*Applied Biokinetics LLC v. KT Health, LLC*,
    C.A. No. 22-638-RGA-JLH, 2023 WL 5651843 (D. Del. Aug. 31, 2023) ..........................6

*Ashcroft v. Iqbal*,
    556 U.S. 662 (2009)......................................................................................5

*AsymmetRx, Inc. v. Biocare Med., LLC*,
    582 F.3d 1314 (Fed. Cir. 2009).........................................................................7

*Bell Atl. Corp. v. Twombly*,
    550 U.S. 544 (2007)...................................................................................5, 13

*Bench Walk Lighting LLC v. LG Innotek Co.*,
    530 F. Supp. 3d 468 (D. Del. 2021)...................................................................3, 18

*In re Bill of Lading Transmission & Processing Sys. Pat. Litig.*,
    681 F.3d 1323 (Fed. Cir. 2012).........................................................................17

*Bot M8 LLC v. Sony Corp. of Am.*,
    4 F.4th 1342 (Fed. Cir. 2021) ...........................................................................5

*Chesapeake Energy Corp. v. Bank of N.Y. Mellon Tr. Co.*,
    773 F.3d 110 (2d Cir. 2014)............................................................................9

*Cleveland Med. Devices Inc. v. ResMed Inc.*,
    696 F. Supp. 3d 4 (D. Del. 2023).......................................................................17

*Clouding IP, LLC v. Amazon.com, Inc.*,
    C.A. No. 12-641-LPS, 2013 WL 2293452 (D. Del. May 24, 2013)....................................16

*Dole v. Arco Chem. Co.*,
    921 F.2d 484 (3d Cir. 1990)...........................................................................12

*DSM IP Assets, B.V. v. Honeywell Int'l, Inc.*,
    700 F. Supp. 3d 189 (D. Del. 2023)................................................................3, 15, 16

*Erickson v. Pardus*,
    551 U.S. 89 (2007)......................................................................................5

*Express Mobile, Inc. v. Liquid Web, LLC*,
C.A. No. 18-1177-RGA, 2019 WL 1596999 (D. Del. Apr. 15, 2019) ..................................18

*Fairchild Semiconductor Corp. v. Power Integrations, Inc.*,
935 F. Supp. 2d 772 (D. Del. 2013) ....................................................................................14

*FO2GO LLC v. KeepItSafe, Inc.*,
C.A. No. 18-807-RGA, 2019 WL 1615398 (D. Del. Apr. 16, 2019) ...................................18

*Helios Streaming, LLC v. Vudu, Inc.*,
C.A. No. 19-1792-CFC-SRF, 2021 WL 254069 (D. Del. Jan. 26, 2021).........................3, 19

*Intell. Ventures I LLC v. Erie Indem. Co.*,
850 F.3d 1315 (Fed. Cir. 2017).............................................................................................10

*Korff v. Corbett*,
794 N.Y.S.2d 374 (2005) ......................................................................................................10

*K-Tech Telecomms., Inc. v. Time Warner Cable, Inc.*,
714 F.3d 1277 (Fed. Cir. 2013)...............................................................................................5

*Lifetime Indus., Inc. v. Trim-Lok, Inc.*,
869 F.3d 1372 (Fed. Cir. 2017)...............................................................................................5

*Lone Star Silicon Innovations LLC v. Nanya Tech. Corp.*,
925 F.3d 1225 (Fed. Cir. 2019)...............................................................................................7

*Mars, Inc. v. Coin Acceptors, Inc.*,
527 F.3d 1359 (Fed. Cir. 2008)...............................................................................................9

*Minco, Inc. v. Combustion Eng'g Inc.*,
95 F.3d 1109 (Fed. Cir. 1996).................................................................................................6

*Morrow v. Microsoft Corp.*,
499 F.3d 1332 (Fed. Cir. 2007)...............................................................................................8

*Olin Corp. v. Am. Home Assur. Co.*,
704 F.3d 89 (2d Cir. 2012)......................................................................................................9

*Oppenheimer & Co. v. Trans Energy, Inc.*,
946 F. Supp. 2d 343 (S.D.N.Y. 2013).....................................................................................9

*Orca Security Ltd. V. Wiz, Inc.*,
C.A. No 23-758 (D. Del. May 21, 2024) ..............................................................................14

*S. Track & Pump, Inc. v. Terex Corp.*,
722 F. Supp. 2d 509 (D. Del. 2010)..................................................................................12

*Schwendimann v. Arkwright Advanced Coating, Inc.*,
959 F.3d 1065 (Fed. Cir. 2020)...........................................................................................6

*Seiden Assocs., Inc. v. ANC Holdings, Inc.*,
959 F.2d 425 (2d Cir. 1992)..................................................................................................9

*Sentry Prot. Prod., Inc. v. Eagle Mfg. Co.*,
400 F.3d 910 (Fed. Cir. 2005)............................................................................................18

*SoftView LLC v. Apple Inc.*,
C.A. No. 10-389-LPS, 2012 WL 3061027 (D. Del. July 26, 2012) ...................................15

*Staton Techiya, LLC v. Harman Int'l Indus., Inc.*,
C.A. No. 23-802-JCG, 2024 WL 2271861 (D. Del. May 20, 2024) ..................................14

*Sunoco Partners Mktg. & Terminals L.P. v. Powder Springs Logistics, LLC*,
C.A. No. 17-1390-LPS-CJB, 2019 WL 8641303 (D. Del. Aug. 7, 2019)..........................19

*Technoprobe S.p.A. v. Formfactor, Inc.*,
C.A. No. 23-842-JCG, 2024 WL 2271885 (D. Del. May 20, 2024) ...............................3, 14

*Trident Holdings, Inc. v. HubSpot, Inc.*,
C.A. No. 21-401-CFC, 2022 WL 823514 (D. Del. Mar. 18, 2022)......................................8

*Vaupel Textilmaschinen KG v. Meccanica Euro Italia S.P.A.*,
944 F.2d 870 (Fed. Cir. 1991)..............................................................................................7

*Victaulic Co. v. Tieman*,
499 F.3d 227 (3d Cir. 2007)...............................................................................................13

*Wilkerson v. New Media Tech. Charter Sch. Inc.*,
522 F.3d 315 (3d Cir. 2008)...............................................................................................14

*Wrinkl, Inc. v. Facebook, Inc.*,
C.A. No. 20-1345-RGA, 2021 WL 4477022 (D. Del. Sept. 30, 2021) ..............................16

**STATUTES**                                                                                          **Page(s)**

35 U.S.C.
§ 100(d)...............................................................................................................................7
§ 281..................................................................................................................................2, 7
§ 287.................................................................................................................................18

**RULE(S)**                                                                      **Page(s)**

Federal Rules of Civil Procedure
    Rule 8(a)(2) ................................................................................................5
    Rule 12(b)(1) ............................................................................................5, 7
    Rule 12(b)(6) ................................................................................................5
    Rule 12(g)(2) ...........................................................................................3, 18
    Rule 15(a)(2) ..............................................................................................12

## I.    NATURE AND STAGE OF THE PROCEEDINGS

Plaintiff Baby Jogger, LLC ("Baby Jogger") filed its original Complaint on June 18, 2024 against Defendant Baby Generation, Inc. d/b/a Mockingbird ("Mockingbird"), asserting claims of direct infringement of United States Patent No. 8,955,869 ("the '869 Patent"), United States Patent No. 9,403,550 ("the '550 Patent"), United States Patent No. 11,192,568 ("the '568 Patent"), U.S. Patent No. 11,505,231 ("the '231 Patent"), and United States Patent No. 11,878,729 ("the '729 Patent") (collectively, "the Asserted Patents"). D.I. 1. The original Complaint also asserted claims of indirect infringement of each of the Asserted Patents with the exception of the '869 Patent. *See, e.g.*, D.I. 1 at Counts 3, 4, 6, 7, 9, 10, 12, 13. Finally, the original Complaint contained allegations of willful infringement. D.I. 1, ¶¶ 53-54, 71-72, 106-107, 143-144, 179-180.

Mockingbird filed its first motion to dismiss on August 26, 2024, seeking to dismiss Baby Jogger's claims of willful infringement and indirect infringement for failure to state a claim. D.I. 10. In response, on September 9, 2024, Baby Jogger filed the First Amended Complaint ("FAC"). D.I. 14. In the FAC, Baby Jogger withdrew its willfulness allegations and added additional factual allegations with respect to Mockingbird's knowledge of the Asserted Patents and its infringement of the Asserted Patents. *Id.* Mockingbird filed its second motion to dismiss ("Mockingbird's Motion") on October 7, 2024, again arguing that the FAC failed to state a claim for indirect infringement for alleged failure to plead knowledge of the Asserted Patents or knowledge of infringement of the Asserted Patents. D.I. 19 at 12-20. Mockingbird's Motion also included two arguments not raised in its first motion to dismiss, arguing that Baby Jogger lacked ownership in the Asserted Patents and arguing that the FAC failed to plead compliance with marking.

## II.    SUMMARY OF THE ARGUMENT

Each of the arguments in Mockingbird's Motion lack merit and should be denied as Baby Jogger has pled facts sufficient to state claims for relief that are plausible on their face.

1.      First, Mockingbird's Motion argues that Baby Jogger lacks rights in the Asserted Patents. The FAC sufficiently pleads that each of the Asserted Patents are assigned to Baby Jogger. Further, the publicly available assignment records demonstrate that in 2012, Baby Jogger obtained all right, title and interest in the patent applications that resulted in the issuance of each of the Asserted Patents. As a result of this assignment of all right, title and interest, Baby Jogger is a "patentee" under 35 U.S.C. § 281, and thus is entitled to bring claims of infringement with respect to the Asserted Patents.

2.      In addition to the publicly available assignment records, extrinsic evidence confirms Baby Jogger's ownership of the Asserted Patents. A Membership Interest and Asset Purchase Agreement entered into as part of Baby Jogger's acquisition of the relevant patent applications confirms that Baby Jogger was granted all right, title, and interest in the relevant applications including, *inter alia*, continuations and continuations-in-part of those applications.

3.      Second, Mockingbird argues that the FAC fails to state a claim for indirect infringement for failure to allege Mockingbird's knowledge of the Asserted Patents and knowledge of its infringement of the Asserted Patents. But the FAC sufficiently pleads facts to establish that Mockingbird's pre-suit knowledge is plausible. While each of the individual allegations in the FAC by themselves may not suffice to plausibly allege Mockingbird's knowledge, when taken as a whole, these allegations are more than sufficient to overcome Mockingbird's Motion. *Align Tech., Inc. v. 3Shape A/S*, 339 F. Supp. 3d 435, 447-48 (D. Del. 2018).

4.      The FAC also alleges Mockingbird's post-filing knowledge of the Asserted Patents and its infringement of the Asserted Patents. While there is a split of authority on this issue, the majority view holds that the complaint can be the source of the knowledge required to sustain claims of indirect infringement occurring after the filing date. As a result, this Court should apply

the majority view and find the FAC's post-filing knowledge allegations sufficient. *Technoprobe S.p.A. v. Formfactor, Inc.*, C.A. No. 23-842-JCG, 2024 WL 2271885, at *5 (D. Del. May 20, 2024); *DSM IP Assets, B.V. v. Honeywell Int'l, Inc.*, 700 F. Supp. 3d 189, 199-200 (D. Del. 2023). Regardless, the combination of Mockingbird's pre-suit and post-suit knowledge warrant denial of Mockingbird's Motion.

5.    Finally, Mockingbird's argument that the FAC fails to sufficiently plead compliance with the marking statute lacks merit and is untimely. The FAC alleges that Baby Jogger has virtually marked its City Select Strollers since at least as early as January 2023. This is sufficient to allege compliance with the marking statute. *Bench Walk Lighting LLC v. LG Innotek Co.*, 530 F. Supp. 3d 468, 494 (D. Del. 2021).

6.    Mockingbird has also waived its marking argument by failing to raise it in its first motion to dismiss. Because this argument was available to Mockingbird when it filed its first motion to dismiss but was not included, Mockingbird is precluded from raising it here. Fed. R. Civ. P. 12(g)(2); *Helios Streaming, LLC v. Vudu, Inc.*, C.A. No. 19-1792-CFC-SRF, 2021 WL 254069, at *8 (D. Del. Jan. 26, 2021), report and recommendation adopted, C.A. No. 19-1792-CFC/SRF, 2021 WL 1138024 (D. Del. Mar. 25, 2021).

III.    **STATEMENT OF FACTS**

A.    **The Assignment Of All Right, Title And Interest In The Asserted Patents To Baby Jogger**

The Asserted Patents are all continuations of U.S. Patent Application No. 12/631,375 ("the '375 Application") titled "Seat attachment for a stroller," which claims priority to U.S. Provisional Patent Application No. 61/119,920 ("the '920 Provisional Application").[1] Mark Zehfuss is the sole

---

[1] D.I. 14, ¶¶ 12, 18, 24, 30, 36; D.I. 14-1 at 2; D.I. 14-2 at 2; D.I. 14-3 at 2-3; D.I. 14-4 at 2-3; D.I. 14-5 at 2-3; *see also* D.I. 19-1 at 3.

inventor on each of these applications. D.I. 19-1 at 3. On December 4, 2009, Zehfuss assigned "the full, exclusive and entire right, title, and interest" in the '375 Application and the '920 Provisional Application to Dynamic Brands, LLC ("Dynamic Brands"). D.I. 19-1 at 3-4 (the "2009 Assignment"). The 2009 Assignment expressly included "any division, continuation, continuation-in-part, substitution, reissue, renewal, reexam, or request for continued examination ("RCE") thereof, and in and to all inventions and improvements thereof…." *Id.*

On April 20, 2012, Dynamic Brands executed an Assignment and Assumption Agreement with Baby Jogger (the "2012 Assignment"). *Id.* at 8-17. Pursuant to the 2012 Assignment, Dynamic Brands assigned to Baby Jogger "***all of [Dynamic Brands'] right, title and interest*** in and to the Acquired Assets that are intangible property including . . . the patent applications and issued patents set forth on Exhibit B…." *Id.* at 8 (emphasis added). Exhibit B to the 2012 Assignment included the '375 Application and the '920 Provisional Application. *Id.* at 12. As a result of this assignment, Baby Jogger became the owner of all right, title and interest in these applications. *See id.* at 8-10.

## B.    The First Amended Complaint

In response to Mockingbird's first motion to dismiss, Baby Jogger filed the FAC withdrawing its willfulness allegations and providing additional factual allegations with respect to Mockingbird's knowledge of the Asserted Patents and its infringement of the Asserted Patents. *See* D.I. 14. For example, the FAC contains allegations that Baby Jogger and Mockingbird are direct competitors in the baby stroller market and that, on information and belief, Mockingbird monitors the products and patent filings of its competitors, including Baby Jogger. D.I. 14, ¶¶ 73, 85, 110, 122, 148, 160, 186, 196. It likewise alleges that Baby Jogger has virtually marked its City Select Strollers since at least as early as January 2023 with each of the Asserted Patents, with the lone exception of the '729 Patent. *Id.*, ¶¶ 72, 84, 109, 121, 149, 161. Finally, the FAC alleges that

Mockingbird has had actual knowledge of the Asserted Patents and its infringement of the Asserted Patents, since at least as early as the filing of the original Complaint on June 18, 2024. *Id*., ¶¶ 71, 83, 108, 120, 147, 159, 185, 195.

## IV.    LEGAL STANDARDS

Federal Rule of Civil Procedure 8(a)(2) generally requires "a short and plain statement of the claim showing that the pleader is entitled to relief." In other words, "patentees need not prove their case at the pleading stage." *Bot M8 LLC v. Sony Corp. of Am.*, 4 F.4th 1342, 1346 (Fed. Cir. 2021). A plaintiff is not required to plead infringement on an element-by-element basis. *Id*. at 1352. It is enough "that a complaint place the alleged infringer 'on notice of what activity ... is being accused of infringement.'" *Lifetime Indus., Inc. v. Trim-Lok, Inc*., 869 F.3d 1372, 1379 (Fed. Cir. 2017) (quoting *K-Tech Telecomms., Inc. v. Time Warner Cable, Inc*., 714 F.3d 1277, 1284 (Fed. Cir. 2013)).

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(1) challenges a court's subject-matter jurisdiction whereas a motion under Rule 12(b)(6) challenges the legal sufficiency of the complaint. To survive a motion to dismiss under Rule 12(b)(6), a complaint must "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). When ruling on a 12(b)(6) motion, a court "must accept as true all of the factual allegations contained in the complaint." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

## V.    ARGUMENT

### A.    The First Amended Complaint Sufficiently Pleads Baby Jogger's Ownership of the Asserted Patents

The First Amended Complaint accurately alleges that each of the Asserted Patents are assigned to and owned by Baby Jogger. D.I. 14, ¶¶ 13-14, 19-20, 25-26, 31-32, 37-38. The publicly

available assignment records demonstrate that Baby Jogger was granted all right, title, and interest in the relevant patent applications that ultimately resulted in the issuance of each of the Asserted Patents. As a result, Baby Jogger is the proper assignee of each of the Asserted Patents and thus has standing assert patent infringement. *Minco, Inc. v. Combustion Eng'g Inc.*, 95 F.3d 1109, 1117 (Fed. Cir. 1996) ("[A]n assignee holds title to a patent and may sue for infringement without further permission or clearance."). Despite this, Mockingbird attempts to manufacture an argument that despite the assignment of all right, title, and interest in the '375 Application and the '920 Provisional Application to Baby Jogger, prior owner Dynamic Brands retained some unspecified rights in these applications. For the reasons discussed below, this argument lacks merit.

### 1. The First Amended Complaint sufficiently pleads Article III constitutional standing

The allegations in the FAC that the Asserted Patents are assigned to and owned by Baby Jogger are sufficient to establish an actionable case or controversy. *Schwendimann v. Arkwright Advanced Coating, Inc.*, 959 F.3d 1065, 1071 (Fed. Cir. 2020) ("As long as a plaintiff alleges facts that support an arguable case or controversy under the Patent Act, the court has both the statutory and constitutional authority to adjudicate the matter."). By way of example, in *Applied Biokinetics*, plaintiff's pleading contained allegations that it was "the assignee of the Asserted Patents." *Applied Biokinetics LLC v. KT Health, LLC*, C.A. No. 22-638-RGA-JLH, 2023 WL 5651843, at *5 (D. Del. Aug. 31, 2023), report and recommendation adopted, C.A. No. 22-638-RGA-JLH, 2023 WL 6387679 (D. Del. Sept. 29, 2023). In recommending the denial of defendant's motion to dismiss asserting lack of standing, then Magistrate Judge Hall held that this allegation "support[s] an arguable case or controversy under the Patent Act." *Id*. (quotation omitted). Accordingly, because the FAC pleads that Baby Jogger is the owner of the Asserted Patents, there is no issue of Article III constitutional standing to be decided.

While Mockingbird's Motion references Federal Rule of Civil Procedure 12(b)(1) and Article III standing, it fails to argue that the FAC does not properly allege constitutional standing. Mockingbird's Motion simply disputes that Baby Jogger has the necessary rights in the Asserted Patents, and as a result argues that Baby Jogger lacks standing to bring claims related to these patents under Rule 12(b)(1). D.I. 19 at 1-2, 10-12. This argument is legally incorrect however, as "whether a party possesses all substantial rights in a patent does not implicate standing or subject-matter jurisdiction." *Lone Star Silicon Innovations LLC v. Nanya Tech. Corp.,* 925 F.3d 1225, 1235-36 (Fed. Cir. 2019). Accordingly, because Baby Jogger has alleged facts that support an arguable case or controversy under the Patent Act, Mockingbird's argument that Baby Jogger lacks standing pursuant to Rule 12(b)(1) should be denied.

### 2. The First Amended Complaint sufficiently pleads statutory standing under 35 U.S.C. § 281

Irrespective of how Mockingbird's Motion frames the issue, the real question is whether Baby Jogger qualifies as a "patentee" under 35 U.S.C. § 281. The Patent Act permits a "patentee," which includes an assignee, to bring a civil action for patent infringement. 35 U.S.C. § 281; *Lone Star*, 925 F.3d at 1229 (citing 35 U.S. § 100(d)). "If the party asserting infringement is not the patent's original patentee, the critical determination regarding a party's ability to sue in its own name is whether an agreement transferring patent rights to that party is, in effect, an assignment or a mere license." *Lone Star*, 925 F.3d at 1229. An assignment allows a party to sue in its own name, whereas a mere license does not. *AsymmetRx, Inc. v. Biocare Med., LLC*, 582 F.3d 1314, 1319 (Fed. Cir. 2009). In distinguishing between "an assignment" and a "mere license," courts will "examine whether the agreements transferred all substantial rights to the patents." *Vaupel Textilmaschinen KG v. Meccanica Euro Italia S.P.A.*, 944 F.2d 870, 874 (Fed. Cir. 1991).

Here, Baby Jogger is the assignee and owner of each of the Asserted Patents and thus is a "patentee" entitled to bring claims of infringement with respect to those patents. D.I. 14, ¶¶ 13-14, 19-20, 25-26, 31-32, 37-38. Because this Court must accept the allegations in the FAC as true, Baby Jogger's allegations that it is the assignee and owner of each of the Asserted Patents are sufficient to overcome Mockingbird's arguments. *Trident Holdings, Inc. v. HubSpot, Inc.*, C.A. No. 21-401-CFC, 2022 WL 823514, at *6 (D. Del. Mar. 18, 2022) (denying motion to dismiss for lack of standing). For this reason alone, Mockingbird's Motion should be denied.

Despite Mockingbird's efforts to manufacture some ambiguity in the public records, the assignment agreements make clear that Baby Jogger owns all right, title, and interest in the Asserted Patents. In 2009, inventor Mark Zehfuss assigned his "entire right, title, and interest" in the '375 Application and the '920 Provisional Application to Dynamic Brands. D.I. 19-1 at 3. As a result of this 2009 Assignment, Dynamic Brands obtained all rights in these applications. Mockingbird does not dispute this point. *See* D.I. 19 at 3-4. Then, in 2012, Dynamic Brands assigned "all of [Dynamic Brands'] right, title and interest" in these same applications to Baby Jogger. D.I. 19-1 at 8. Importantly, this 2012 Assignment did not place any limitations on Baby Jogger's right, title or interest in the applications and Dynamic Brands retained no rights in the applications under this agreement. *See* D.I. 19-1 at 8-17. In other words, Baby Jogger was assigned all rights in the applications that led to the Asserted Patents. *Morrow v. Microsoft Corp.*, 499 F.3d 1332, 1340 (Fed. Cir. 2007) ("When a party holds all rights or all substantial rights, it alone has standing to sue for infringement."). The 2012 Assignment contains no language to support Mockingbird's argument that Dynamic Brands retained any rights in the applications.

Mockingbird's Motion does not argue that the 2012 Assignment contains language that is ambiguous, but nonetheless argues for an alternative interpretation of the 2012 Assignment. The

interpretation of a patent assignment agreement is government by state contract law. *Mars, Inc. v. Coin Acceptors, Inc.*, 527 F.3d 1359, 1370 (Fed. Cir. 2008) ("Construction of patent assignment agreements is a matter of state contract law."). The 2012 Assignment is governed by the laws of the State of New York. D.I. 19-1 at 8. Under New York law, "[w]hen interpreting a contract, our primary objective . . . is to give effect to the intent of the parties as revealed by the language of their agreement." *Chesapeake Energy Corp. v. Bank of N.Y. Mellon Tr. Co.*, 773 F.3d 110, 113-14 (2d Cir. 2014) (internal quotation omitted). The "words and phrases [in a contract] should be given their plain meaning, and the contract should be construed so as to give full meaning and effect to all of its provisions." *Olin Corp. v. Am. Home Assur. Co.*, 704 F.3d 89, 99 (2d Cir. 2012) (quotation omitted). A contract is considered unambiguous when it has "a definite and precise meaning, unattended by danger of misconception . . . and concerning which there is no reasonable basis for a difference in opinion." *Seiden Assocs., Inc. v. ANC Holdings, Inc.*, 959 F.2d 425, 428 (2d Cir. 1992) (quotation omitted). "The language of a contract ... is not made ambiguous simply because the parties urge different interpretations." *Oppenheimer & Co. v. Trans Energy, Inc.*, 946 F. Supp. 2d 343, 348 (S.D.N.Y. 2013) (quotation omitted). Here, the language of 2012 Assignment is clear.

Mockingbird's Motion argues, without any factual support, that the 2012 Assignment did not convey any rights to "any continuations or continuations-in-part," and that Dynamic Brands retained those rights. D.I. 19 at 11. But the 2012 Assignment does not contain any language reserving any rights in Dynamic Brands or even suggesting that Dynamic Brands retained any rights in the '375 Application or the '920 Provisional Application. Mockingbird's Motion certainly fails to identify any such language. Instead, the 2012 Assignment is clear that Baby Jogger was assigned "all of [Dynamic Brands'] right, title and interest" in the '375 Application or the '920 Provisional Application. D.I. 19-1 at 8. The language of the 2012 Assignment has a definite and

precise meaning and cannot be rendered ambiguous based on Mockingbird's unsupported arguments.

Finally, in an attempt to support its position, Mockingbird relies on the Federal Circuit's decision in *Intell. Ventures I LLC v. Erie Indem. Co.* D.I. 19 at 11 (citing *Intell. Ventures I LLC v. Erie Indem. Co.*, 850 F.3d 1315 (Fed. Cir. 2017)). But this case is readily distinguished. In *Intell. Ventures*, the assignment agreement at issue expressly listed seventeen patents and pending patent applications that were the subject of the agreement, but did not list a ***then-pending*** patent application. 850 F. 3d at 1320-22. The Federal Circuit held that the assignment did not include the then-pending patent application (or the patent that ultimately issued) that was not listed. "[T]hat several patent applications appear in the [assignment] Agreement suggests that, if [assignor] intended to convey the application leading to the '581 patent to [assignee], it knew how to do so." *Id*. at 1323. In other words, if the assignor had intended to include the then-pending patent application that was omitted, it could have and would have included it. Here, the facts are quite different. The 2012 Assignment transferred ***all rights, title and ownership*** in all of the then existing patent applications related to the disclosed invention. D.I. 19-1 at 8. There were no other pending applications that could have been included.

### 3. Extrinsic evidence confirms Baby Jogger's ownership of the Asserted Patents

While the 2012 Assignment is not ambiguous, even assuming *arguendo* that it is, extrinsic evidence definitively confirms Baby Jogger's ownership in the Asserted Patents. *Korff v. Corbett*, 794 N.Y.S.2d 374, 377 (2005) ("To the extent that any of the agreement's terms may be ambiguous, indefinite or uncertain, it is well settled that extrinsic or parol evidence is admissible to determine their meaning"). In a related case involving the same Asserted Patents, this very issue was raised by defendant UPPAbaby, making the same arguments with respect to Baby Jogger's

ownership of the Asserted Patents. Ex. A (*Baby Jogger, LLC v. Monahan Products, LLC d/b/a UPPAbaby*, C.A. No. 24-11582-ADB, D.I. 28 (D. Mass.) ("UPPAbaby Litigation")). In that case, Baby Jogger amended its complaint to include additional allegations with respect to its ownership of the Asserted Patents, including allegations related to a Membership Interest and Asset Purchase Agreement ("Purchase Agreement") entered into between Dynamic Brands and Baby Jogger. Ex. B, ¶¶ 41-54 (UPPAbaby Litigation, D.I. 29); Ex. C (UPPAbaby Litigation, D.I. 29-6).[2] After the first amended complaint was filed in the UPPAbaby Litigation, UPPAbaby did not refile its motion to dismiss.

The 2012 Assignment was entered into on April 20, 2012, pursuant to the Purchase Agreement. D.I. 19-1 at 8. As part of the Purchase Agreement, Dynamic Brands agreed to "sell, convey, transfer, assign and deliver" to Baby Jogger "***all of [Dynamic Brands'] and its Subsidiary's right, title and interest*** in and to, free and clear of all Liens . . . (a) the Intellectual Property described in Annex 2.2(a)…." Ex. C at 11 (§ 2.2) (emphasis added).  Annex 2.2(a) to the Purchase Agreement included, *inter alia*, the '375 Application and the '920 Provisional. Ex. C at Annex 2.2(a). The Purchase Agreement further defined "Intellectual Property" to include "(a) patents, patent applications, patent disclosures and inventions (whether or not patentable and whether or not reduced to practice) and any reissue, continuation, continuation in part, revision, extension or reexamination thereof . . . ." Ex. C at 5. Dynamic Brands also represented and warranted that Baby Jogger "shall own or otherwise have the rights to use all Intellectual Property in connection with the Business . . . free and clear of all Liens" and that Baby Jogger "shall possess

---

[2] UPPAbaby filed its motion to dismiss *after* Baby Jogger had filed the FAC in this action. *Compare* Ex. A *with* D.I. 14. Because this issue was not raised in Mockingbird's initial motion to dismiss (D.I. 10), and had not yet been raised in the UPPAbaby Litigation, Baby Jogger did not have notice of this argument and thus had no reason to address it when it filed the FAC (D.I. 14) in this case.

***all right, title and interest*** in and to all of the Registered Intellectual Property . . . free and clear of all Liens . . . ." Ex. C at 22-23 (§ 3.16(b)) (emphasis added). The Purchase Agreement defined Registered Intellectual Property to include the '375 Application and '920 Provisional Application. Ex. C at 22 (§ 3.16), Schedule 3.16(a).

The Purchase Agreement confirms the plain language of the 2012 Assignment, that Baby Jogger was assigned all right, title and interest in the '375 Application and the '920 Provisional Application – which includes all right, title and interest in the Asserted Patents. Because Mockingbird's argument with respect to Baby Jogger's ownership of the Asserted Patents lacks merit, its motion should be denied.

### 4.    Leave to Amend

Federal Rule of Civil Procedure 15 governs amendments to pleadings generally, providing that "[t]he court should freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a)(2). "The Third Circuit has adopted a liberal policy favoring the amendment of pleadings to ensure that claims are decided on the merits rather than on technicalities." *S. Track & Pump, Inc. v. Terex Corp.*, 722 F. Supp. 2d 509, 520 (D. Del. 2010) (citing *Dole v. Arco Chem. Co.*, 921 F.2d 484, 487 (3d Cir. 1990)). To the extent that the Court finds merit in Mockingbird's arguments with respect to Baby Jogger's ownership of the Asserted Patents, Baby Jogger respectfully requests leave to file a second amended complaint to further address its ownership of the Asserted Patents. *See, e.g.*, Ex. B.

**B.    The First Amended Complaint Sufficiently Pleads Mockingbird's Knowledge Of The Assert Patents And Its Infringement**

**1.    *The First Amended Complaint sufficiently pleads facts to establish that Mockingbird's pre-suit knowledge is plausible***

The FAC sufficiently pleads that Mockingbird had knowledge of the Asserted Patents[3] and its infringement of the Asserted Patents, both prior to and after the filing of the original Complaint. These allegations include: (1) the applications that issued as the '550 Patent and '568 Patent were publicly available prior to filing the original Complaint;[4] (2) since at least as early as January 2023, Baby Jogger has virtually marked its City Select strollers with at least the '550 Patent, '568 Patent, and '231 Patent;[5] (3) Baby Jogger and Mockingbird are direct competitors in the stroller market;[6] (4) on information and belief, as a direct competitor to Baby Jogger, Mockingbird monitors the products and patent filings of Baby Jogger;[7] and (5) Mockingbird had knowledge at least as early as the filing of the original Complaint and/or the date of service of the original Complaint in this case.[8] Collectively, these allegations are sufficient to plausibly support an inference that Mockingbird had knowledge of the Asserted Patents and its infringement of the Asserted Patents. *See, e.g.*, *Align Tech., Inc. v. 3Shape A/S*, 339 F. Supp. 3d 435, 447-48 (D. Del. 2018) (holding allegations viewed as a whole sufficient to give rise to a plausible showing of pre-suit knowledge).

"To survive a motion to dismiss, a civil plaintiff must allege facts that 'raise a right to relief above the speculative level on the assumption that the allegations in the complaint are true (even if doubtful in fact).'" *Victaulic Co. v. Tieman*, 499 F.3d 227, 234 (3d Cir. 2007) (quoting *Twombly*,

---

[3] The FAC does not allege indirect infringement of the '869 Patent. Accordingly, reference to the Asserted Patents in discussing indirect infringement is understood to not include the '869 Patent.
[4] D.I. 14, ¶¶ 72, 84, 109, 121.
[5] D.I. 14, ¶¶ 72, 84, 109, 121, 149, 161.
[6] D.I. 14, ¶¶ 73, 85, 110, 122, 148, 160, 186, 196.
[7] *Id*.
[8] D.I. 14, ¶¶ 71, 83, 108, 120, 147, 159, 185, 195.

550 U.S. at 555). In other words, "'[t]he complaint must state enough facts to raise a reasonable expectation that discovery will reveal evidence of [each] necessary element' of a claim." *Fairchild Semiconductor Corp. v. Power Integrations, Inc.*, 935 F. Supp. 2d 772, 775 (D. Del. 2013) (quoting *Wilkerson v. New Media Tech. Charter Sch. Inc.*, 522 F.3d 315, 321 (3d Cir. 2008)). Mockingbird's Motion argues that each of the above-referenced allegations, ***by itself***, is not sufficient to plausibly allege pre-suit knowledge. *See* D.I. 19 at 13-20. But when the allegations are taken as a whole, the FAC sufficiently alleges facts sufficient to support a reasonable inference that Mockingbird had the requisite knowledge. Accordingly, the FAC sufficiently alleges pre-suit knowledge.

### 2. *The First Amended Complaint sufficiently alleges post-filing knowledge*

It should be axiomatic that once a defendant is served with a complaint identifying how it infringes and those patents for which it is alleged to infringe, that the defendant now has knowledge of those patents and its infringement of those patents moving forward. For this reason, courts in this District have held that a complaint can be the source of knowledge required to plead claims for indirect infringement, including several recent decisions. *See, e.g.*, *Orca Security Ltd. V. Wiz, Inc.*, C.A. No 23-758, D.I. 65 (D. Del. May 21, 2024) (Hall, J.) (attached as Exhibit D) ("the facts alleged in the SAC make it plausible that, at least as of the filing of the SAC, Defendant had knowledge of the asserted patents and of its infringement …."); *Technoprobe S.p.A. v. Formfactor, Inc.*, C.A. No. 23-842-JCG, 2024 WL 2271885, at *5 (D. Del. May 20, 2024) ("The complaint can be the source of the knowledge required to sustain claims of induced infringement occurring after the filing date and can provide sufficient knowledge of the patents-in-suit for purposes of stating a claim for indirect infringement after an amended complaint is filed."); *Staton Techiya, LLC v.*

{02061425;v1 }                                                    -14-

*Harman Int'l Indus., Inc.*, C.A. No. 23-802-JCG, 2024 WL 2271861, at *5 (D. Del. May 20, 2024) (same).

Here, the original Complaint was filed on June 18, 2024. D.I. 1. The FAC was filed on September 9, 2024, alleging knowledge from the filing of the original Complaint. D.I. 14, ¶¶ 71, 83, 108, 120, 147, 159, 185, 195. As a result, Mockingbird had knowledge of the Asserted Patents and its infringement of the Asserted Patents since at least as early as June 18, 2024. Mockingbird's Motion appears to argue that knowledge gained through the filing of an original complaint cannot support a claim of indirect infringement, as if this is well-settled law, which it is not. D.I. 19 at 14, 18. Notably absent from Mockingbird's Motion is any recognition of the split of authority on this issue, including within this District. The issue here is whether this Court should adopt the majority or minority view on post-filing knowledge. Under the majority view, "the initial complaint may serve to provide the required knowledge for a claim of post-suit indirect infringement." *DSM IP Assets, B.V. v. Honeywell Int'l, Inc.*, 700 F. Supp. 3d 189, 199-200 (D. Del. 2023) (Bryson, J.) (collecting cases). In contrast, under the minority view, a complaint cannot be relied on to plead that the defendant had knowledge of the patent in an amended complaint. *Id.* at 199. The majority view includes "most of the more recent decisions." *Id.* at 199-200.

The majority view is correct and should apply here. "This approach follows most of the cases in this district concluding that notice from a complaint is sufficient for indirect . . . claims when an original complaint is superseded by an amended complaint." *Technoprobe*, 2024 WL 2271885 at *8 (collecting cases). Former Chief Judge Stark held that "the filing of a complaint is sufficient to provide knowledge of the patents-in-suit for purposes of stating a claim for indirect infringement occurring after the filing date." *SoftView LLC v. Apple Inc.*, C.A. No. 10-389-LPS, 2012 WL 3061027, at *7 (D. Del. July 26, 2012). Likewise, Federal Circuit Judge Bryson (sitting

in this District by designation) held that indirect infringement allegations were adequately pled in an amended complaint that relied on notice from the original complaint. *DSM IP Assets*, 700 F. Supp. 3d at 201. The Court here should follow these decisions and the "majority view" and hold that, in addition to pre-suit knowledge, the FAC adequately pleads post-filing knowledge of the Asserted Patents and Mockingbird's infringement of the Asserted Patents.

The majority view is supported by the reasoning that the complaint places the defendant on notice of infringement in the same way as a "pre complaint notice letter" that would traditionally be used to prove knowledge of the patent and infringement. *Clouding IP, LLC v. Amazon.com, Inc.*, C.A. No. 12-641-LPS, 2013 WL 2293452, at *4 (D. Del. May 24, 2013) (Stark, J.) ("there appears to be little practical difference between a pre-complaint notice letter informing a defendant about a patentee's allegation of infringement and a subsequently-superceded original complaint formally alleging infringement"); *Technoprobe*, 2024 WL 2271885 at *8 (same). The majority view also recognizes that if the complaint were insufficient to plead knowledge, then it would be impossible to file a complaint for indirect infringement on the same day a patent issues, or to amend a complaint "when an additional patent is issued during the pendency of litigation." *SoftView*, 2012 WL 3061027, at *7 n.9 (D. Del. July 26, 2012). It would also effectively preclude a suit for indirect infringement absent pre-suit notice by a patentee. *Wrinkl, Inc. v. Facebook, Inc.*, C.A. No. 20-1345-RGA, 2021 WL 4477022, at *7 (D. Del. Sept. 30, 2021) ("For indirect infringement, if the plaintiff were not permitted to amend a complaint, it would be the equivalent of saying that the plaintiff's failure to give notice of the patents outside of litigation operated as a bar to bringing a suit for indirect infringement.").

Mockingbird's Motion fails to acknowledge that it is asking this Court to adopt a minority view, and offers no explanation for why that minority view should apply against the weight of

recent decisions. *See* D.I. 19 at 13-20. Instead, Mockingbird relies heavily on this Court's decision in *Cleveland Med. Devices Inc. v. ResMed Inc.*, which is distinguishable for at least two reasons. First, this decision also only addressed post-filing knowledge with respect to willfulness. Second, the plaintiff in that case failed to amend the original complaint to allege post-suit knowledge; it relied solely on the initial complaint. *Cleveland Med. Devices Inc. v. ResMed Inc.*, 696 F. Supp. 3d 4, 7 (D. Del. 2023). In addition to its allegations of pre-suit knowledge being adequate, Baby Jogger respectfully submits that the Court should apply the better-supported majority view to these facts and deny Mockingbird's Motion because of Mockingbird's knowledge following the filing and service of the original complaint.

Finally, while Mockingbird's Motion only mentions the element of specific intent in passing (D.I. 19 at 18-19), the FAC sufficiently pleads that Mockingbird intended to induce its customers to infringe the Asserted Patents. For example, the FAC alleges that Mockingbird markets its products as being designed to convert into a double stroller as one of the benefits of its products. D.I. 14, ¶¶ 77-78, 114-115, 153-154, 190-191. The FAC also alleges that Mockingbird provides promotional and product literature that offers technical support for customers in how to utilize its products in a manner that infringes the Asserted Patents and provides specific examples of such materials. *Id*. These allegations are sufficient to overcome any argument that the FAC does not sufficiently plead the element of specific intent. *See, e.g.*, *In re Bill of Lading Transmission & Processing Sys. Pat. Litig.*, 681 F.3d 1323, 1342 (Fed. Cir. 2012) (holding similar allegations were "sufficient to push the complaint past the line between possibility and plausibility.") (internal quotations omitted).

## C.    The First Amended Complaint Sufficiently Pleads Compliance With Marking

The FAC alleges that "Baby Jogger has virtually marked its City Select strollers since at least as early as January 2023" and included the website address which lists those patents associated with the City Select strollers. D.I. 14, ¶¶ 72, 84, 109, 121, 149, 161. Among those patents listed are each of the Asserted Patents, with the exception of the '729 Patent. This is sufficient to plead compliance with the marking requirements of 35 U.S.C. § 287(a). *See, e.g.*, *Bench Walk Lighting LLC v. LG Innotek Co.*, 530 F. Supp. 3d 468, 494 (D. Del. 2021) (denying motion to dismiss holding allegation in complaint that plaintiff "has complied with the notice requirement of 35 U.S.C. § 287" was sufficient); *FO2GO LLC v. KeepItSafe, Inc.*, C.A. No. 18-807-RGA, 2019 WL 1615398, at *4 (D. Del. Apr. 16, 2019) (denying motion to dismiss where plaintiff alleged constructive notice). Mockingbird's Motion fails to present any valid basis for why it contends the FAC's allegations with respect to marking are insufficient. Mockingbird's reliance on *Express Mobile, Inc. v. Liquid Web, LLC* is misplaced. The court in that case granted defendant's motion to dismiss with respect to past damages where defendant did not include *any* allegations with respect to marking. *See* C.A. No. 18-1177-RGA, 2019 WL 1596999, at *2 (D. Del. Apr. 15, 2019). Mockingbird also confusingly cites *Sentry Prot. Prod., Inc. v. Eagle Mfg. Co.*, in which the Federal Circuit vacated the grant of summary judgment, holding plaintiff had produced evidence of marking. 400 F.3d 910, 918 (Fed. Cir. 2005). Neither of these cases support Mockingbird's position. Because Baby Jogger's compliance with the marking statute is sufficiently pled, Mockingbird's Motion should be denied.

Not only does Mockingbird's Motion with respect to marking lack merit, but Mockingbird has also waived this argument by failing to raise it in its initial motion to dismiss. *See* D.I. 10. Under Federal Rule of Civil Procedure 12(g)(2), "a party that makes a motion under this rule must

not make another motion under this rule raising a defense or objection that was available to the party but omitted from its earlier motion." Mockingbird filed its initial motion to dismiss on August 26, 2024, asserting that the original Complaint failed to state a claim for willful and indirect infringement. D.I. 10. In response, Baby Jogger filed the FAC, withdrawing its willfulness allegations and asserting additional allegations with respect to Mockingbird's knowledge. *See* D.I. 14. Because the original Complaint alleged compliance with marking (*see, e.g.*, D.I. 1, ¶¶ 79, 87, 114, 122, 151, 159), Mockingbird's marking argument was available to it but was omitted from its initial motion. Mockingbird's failure to raise this argument in its first motion to dismiss precludes it from raising it here. *Helios Streaming, LLC v. Vudu, Inc.*, C.A. No. 19-1792-CFC-SRF, 2021 WL 254069, at *8 (D. Del. Jan. 26, 2021), report and recommendation adopted, C.A. No. 19-1792-CFC/SRF, 2021 WL 1138024 (D. Del. Mar. 25, 2021); *Sunoco Partners Mktg. & Terminals L.P. v. Powder Springs Logistics, LLC*, C.A. No. 17-1390-LPS-CJB, 2019 WL 8641303, at *3 (D. Del. Aug. 7, 2019), report and recommendation adopted, C.A. No. 17-1390-LPS-CJB, 2020 WL 1527321 (D. Del. Mar. 31, 2020). As a result, Mockingbird's Motion with respect to marking and past damages should be denied.

## VI.    CONCLUSION

For the foregoing reasons, Baby Jogger respectfully requests that the Court deny Mockingbird's Motion in its entirety.

ASHBY & GEDDES

*/s/ Andrew C. Mayo*

Andrew C. Mayo (#5207)
500 Delaware Avenue, 8th Floor
P.O. Box 1150
Wilmington, DE 19899
(302) 654-1888
amayo@ashbygeddes.com

*Of Counsel:*

John W. Harbin
Gregory J. Carlin
Walter Hill Levie III
Robert J. Leonard
MEUNIER CARLIN & CURFMAN LLC
999 Peachtree Street NE, Suite 1300
Atlanta, GA 30309
(404) 645-7700

*Attorneys for Plaintiff Baby Jogger, LLC*

Dated: October 21, 2024

{02061425;v1 }                                          -20-