IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| BABY JOGGER, LLC,<br><br>Plaintiff,<br><br>v.<br><br>BABY GENERATION, INC. d/b/a MOCKINGBIRD,<br><br>Defendant. | Civil Action No. 24-725-GBW |

**MEMORANDUM ORDER**

Pending before the Court is Defendant Baby Generation, Inc. d/b/a Mockingbird's ("Baby Generation" or "Defendant") Motion to Dismiss Plaintiff Baby Jogger, LLC's ("Baby Jogger" or "Plaintiff") First Amended Complaint (D.I. 18) ("Defendant's Motion"), which has been fully briefed. D.I. 19; D.I. 20; D.I. 21. For the reasons set forth below, the Court grants-in-part and denies-in-part Defendant's Motion.

## I. BACKGROUND

The following are factual allegations from Plaintiff's First Amended Complaint (D.I. 14) that are taken as true for the purpose of resolving Defendant's Motion.

Plaintiff is the assignee of five patents relating to a seat attachment for a stroller: U.S. Patent Nos. 8,955,869 (the "'869 Patent"), 9,403,550 (the "'550 Patent"), 11,192,568 (the "'568 Patent"), 11,505,231 (the "'231 Patent"), and 11,878,729 (the "'729 Patent") (together, the "Asserted Patents"). D.I. 14 at 3-10; *but see* D.I. 19 at 1-2 (disputing whether Plaintiff holds rights to the '869, '550, '231, and '729 Patents). Defendant "makes, uses, sells, and/or offers to sell in the United States" various products which infringe the Asserted Patents, including the "Mockingbird Single-to-Double Stroller (2023 model) and Mockingbird Single-to-Double Stroller

2.0, [] when used in combination with its 2nd Seat Kit (2023 model) or 2nd Seat Kit 2.0." D.I. 14 ¶ 41. The 2nd Seat Kit (2023 model) and 2nd Seat Kit 2.0 "allow the Mockingbird Single-to-Double Stroller (2023 model) and Mockingbird Single-to-Double Stroller 2.0 to convert from a single stroller into a double stroller." *Id.* ¶ 42.

Plaintiff filed the Original Complaint in this action on June 18, 2024, alleging direct infringement of various claims of the Asserted Patents, and willful, induced, and contributory infringement of the '550, '568, '231, and '729 Patents. D.I. 1. Plaintiff filed the operative Amended Complaint on September 9, 2024, in which it withdrew its willful infringement allegations. D.I. 14.

## II. LEGAL STANDARDS

### A. Standing

Once a court's jurisdiction is challenged, it must presume that it lacks jurisdiction unless the party asserting that jurisdiction exists can prove otherwise. *G. W. v. Ringwood Bd. of Educ.*, 28 F.4th 465, 468 (3d Cir. 2022); *accord Carney v. Adams*, 592 U.S. 53, 59 (2020) ("[Plaintiff] bears the burden of establishing standing as of the time he brought this lawsuit and maintaining it thereafter."). "Under [Rule] 12(b)(1), a court must grant a motion to dismiss if it lacks subject-matter jurisdiction to hear a claim." *Shibles v. Bank of Am., N.A.*, 730 F. App'x 103, 105 (3d Cir. 2018) (alteration in original) (quoting *In re Schering Plough Corp. Intron/Temodar Consumer Class Action*, 678 F.3d 235, 243 (3d Cir. 2012)). Article III of the United States Constitution extends "[t]he judicial Power" only to "Cases" and "Controversies." U.S. Const. art. III, § 2. Thus, the plaintiff must have "a personal stake in the case – in other words, standing." *TransUnion LLC v. Ramirez*, 594 U.S. 413, 423 (2021) (internal quotation marks and citation omitted). "Absent Article III standing, a federal court does not have subject matter jurisdiction to address a plaintiff's claims, and they must be dismissed." *Davis*, 824 F.3d at 346 (citation omitted). "To establish

standing, a plaintiff must show '(i) that he suffered an injury in fact that is concrete, particularized, and actual or imminent; (ii) that the injury was likely caused by the defendant; and (iii) that the injury would likely be redressed by judicial relief.'" *Boley v. Universal Health Servs., Inc.*, 36 F.4th 124, 130-31 (3d Cir. 2022) (quoting *TransUnion*, 594 U.S. at 423). Courts traditionally recognize "physical harms and monetary harms" as "providing a basis for a lawsuit . . . ." *TransUnion*, 594 U.S. at 423. "For an injury to be 'particularized,' it 'must affect the plaintiff in a personal and individual way.'" *Spokeo, Inc. v. Robins*, 578 U.S. 330, 339 (2016), *as revised* (May 24, 2016) (citation omitted).

In addition to Article III standing, a party asserting patent infringement must have a right to sue under 35 U.S.C. § 281, which affords "patentee[s]" the right to sue for infringement. 35 U.S.C. § 281. "The term patentee includes the original patentee (whether the inventor or original assignee) and 'successors in title.'" *Lone Star Silicon Innovations LLC v. Nanya Tech. Corp.*, 925 F.3d 1225, 1229 (Fed. Cir. 2019) (quoting 35 U.S.C. § 100(d)). If the party asserting infringement is not the original patentee, the party must possess "all substantial rights to the patents," i.e., have been assigned substantial rights to the patent, to have a right to sue under § 281. *Id.* Otherwise, if the party merely has a license to the patent, "it may still bring suit *along with the patentee* so long as it possesses 'exclusionary rights.'" *Id.* (emphasis added) The Federal Circuit has held that the right to sue under § 281 "does not implicate standing or subject-matter jurisdiction." *Id* at 1235.

**B. Motion to Dismiss Under Rule 12(b)(6)**

"To state a viable claim, a plaintiff must offer a short and plain statement showing that he is entitled to relief, including 'allegations plausibly suggesting (not merely consistent with)' such entitlement." *Bah v. United States*, 91 F.4th 116, 119 (3d Cir. 2024) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 557 (2007)). A complaint must include more than mere "labels and

conclusions" or "a formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555. The complaint must set forth enough facts that, if accepted as true, "state a claim to relief that is plausible on its face." *Id.* A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

"[A]t the motion-to-dismiss stage, the Court assumes the truth of 'well-pleaded factual allegations' and 'reasonable inference[s]' therefrom." *Nat'l Rifle Ass'n of Am. v. Vullo*, 602 U.S. 175, 181 (2024) (second alteration in original) (quoting *Iqbal*, 556 U.S. at 678-79). "In ruling on a motion to dismiss," a court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Wood v. Moss*, 572 U.S. 744, 755 n.5 (2014) (quoting *Iqbal*, 556 U.S. at 678). Thus, "[t]he primary question in deciding a motion to dismiss is not whether the plaintiff will ultimately prevail, but rather whether they are entitled to offer evidence to establish the facts alleged in the complaint." *Fenico v. City of Philadelphia*, 70 F.4th 151, 161 (3d Cir. 2023). In other words, "when a complaint adequately states a claim, it may not be dismissed based on a district court's assessment that the plaintiff will fail to find evidentiary support for his allegations or prove his claim to the satisfaction of the factfinder." *Twombly*, 550 U.S. at 563 n.8.

### C. Motion to Dismiss Under Rule 12(b)(7)

Federal Rule of Civil Procedure 12(b)(7) provides for dismissal for the plaintiff's "failure to join a party under Rule 19." Fed. R. Civ. P. 12(b)(7). "For the purpose of Rule 12(b)(7), the court accepts as true the factual allegations of the complaint." *Util. Lines Const. Servs. Inc. v. HOTI, Inc.*, 799 F. Supp. 2d 331, 337 (D. Del. 2011) (citing *Jurimex Kommerz Transit G.M.B.H. v. Case Corp.*, 65 Fed. App'x. 803, 805 (3d Cir. 2003)).

A "Rule 19 analysis is a two-step process." *Culinary Serv. of Delaware Valley, Inc. v. Borough of Yardley, Pa*, 385 F. App'x 135, 145 (3d Cir. 2010) (citing *Gen. Refractories Co. v. First State Ins. Co.*, 500 F.3d 306, 312 (3d Cir. 2007)). "First, under Rule 19(a), a district court considers whether a party is necessary to an action." *Guthrie Clinic, Ltd. v. Travelers Indem. Co. of Ill.*, 104 F. App'x 218, 221 (3d Cir. 2004). "If a party is deemed necessary, then joinder must occur if feasible." *Id.* "If they should be joined, but their joinder is not feasible inasmuch as it would defeat diversity of citizenship" the court "next must determine whether the absent parties are 'indispensable' under Rule 19(b)." *Gen. Refractories*, 500 F.3d at 312. "A holding that joinder is compulsory under Rule 19(a) is a necessary predicate to" making a "determination under Rule 19(b)." *Culinary Serv.*, 385 F. App'x at 145 (citing *Gen. Refractories*, 500 F.3d at 313).

## III. DISCUSSION

### A. Plaintiff Has Plausibly Alleged Article III Standing and a Right to Sue Under 35 U.S.C. § 281

Defendant asserts that Plaintiff lacks Article III standing and statutory standing to sue because Plaintiff lacks substantial rights in the Asserted Patents. D.I. 19 at 10. Specifically, in 2009, Plaintiff assigned all rights related to U.S. Patent Application No. 12/631,375 (the "'375 Application") and U.S. Provisional Application 61/119,920 (the "'920 Provisional") to non-party Dynamic Brands, and the '869, '550, '231, and '729 Patents are all continuations or continuations-in-part of the '375 Application (the "2009 Assignment"). D.I. 19 at 10-11. The 2009 Assignment conferred upon Dynamic Brands "all right, title, and interest in continuations and continuations-in-part from the ['920] Provisional and ['375] Application and any right 'in and to all inventions and improvements thereon.'" D.I. 19 at 3. Then, in 2012, Dynamic Brands assigned all rights to the '375 Application and the '920 Provisional to Plaintiff (the "2012 Agreement"). D.I. 19 at 10-11. Defendant contends that the 2012 Agreement "conveyed only the ['920] Provisional and

['375] Application and not any continuations or continuations-in-part." *Id.* at 11. Thus, "Plaintiff holds no interest in" the '869, '550, '231, and '729 Patents. *Id.* Furthermore, with respect to the '568 Patent (which is a continuation-in-part of the '550 Patent), Defendant argues that Plaintiff shares ownership with Dynamic Brands because three co-inventors assigned their rights to Plaintiff in 2016, and one co-inventor assigned his rights to Dynamic Brands by virtue of the 2009 Assignment. *Id.* at 5. Plaintiff responds that the rights assigned to Dynamic Brands in 2009 were assigned to Plaintiff per the 2012 Agreement, which "did not place any limitations on [Plaintiff's] right, title or interest in the applications and Dynamic Brands retained no rights in the applications under this agreement." D.I. 20 at 8. Thus, in Plaintiff's view, Plaintiff possess "all right, title and interest in the Asserted Patents," and Dynamic Brands has retained no rights, title, or interest to any of the Asserted Patents. D.I. 20 at 12.

Although Plaintiff's Article III standing and its right to sue under § 281 are overlapping issues, the requirements for each are distinct. Article III standing concerns "when a plaintiff may invoke the judicial power." *Lone Star*, 925 F.3d at 1235. For this, a party must simply demonstrate that it has brought a case or controversy "amenable to resolution by a federal court." *Id.* at 1234. At the pleading stage, "general factual allegations of injury resulting from the defendant's conduct may suffice." *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 561 (1992). Because a motion to dismiss for lack of standing invokes a court's subject matter jurisdiction, it is properly brought under Federal Rule of Civil Procedure 12(b)(1). *See Lone Star*, 925 F.3d at 1235. In contrast, § 281 establishes "when a party may obtain relief under the patent laws." *Id.* Unlike Article III standing, the question of whether a plaintiff has substantial rights to a patent under § 281 is not a jurisdictional or standing issue. *Id.* at 1235-36. A motion to dismiss for plaintiff's lack of substantial rights to a patent, then, is properly brought under Rule 12(b)(6).

With respect to Article III standing, the Court finds that Plaintiff's allegations are sufficient at this stage. Plaintiff's Amended Complaint alleges that Plaintiff is the assignee of the Asserted Patents. D.I. 14 at 3-9. Plaintiff also attached as exhibits to the Amended Complaint the five Asserted Patents, all of which list Plaintiff as the assignee. *See* D.I. 14, Exs. A-E. These general allegations suffice, because "[a]lthough [Plaintiff] ultimately bears the burden of demonstrating that it has standing to assert the patent, it does not need to prove any facts on [a] motion to dismiss." *Trident Holdings, Inc. v. HubSpot, Inc.*, C.A. No. 21-401-CFC, 2022 WL 823514, at *6 (D. Del. Mar. 18, 2022). Thus, the Court finds Plaintiff's allegations that it is the assignee of the Asserted Patents sufficient for Article III standing at the motion to dismiss stage.

With respect to whether Plaintiff retains substantial rights over the patents under § 281, the Court finds that factual questions exist which preclude dismissal. Plaintiff and Defendant agree that the 2012 Agreement conveyed all rights to the '375 Application and '920 Provisional to Plaintiff, but disagree as to whether this also conveyed rights to the Asserted Patents that later issued as continuations or continuations-in-part. This question is one of contract interpretation, which is a matter of state law. The 2012 Agreement is governed by New York law. *See* D.I 19-1, Ex. B. When interpreting a contract, a court's "primary objective . . . is to give effect to the intent of the parties as revealed by the language of their agreement." *Chesapeake Energy Corp. v. Bank of New York Mellon Tr. Co.*, 773 F.3d 110, 113-14 (2d Cir. 2014) (quoting *Compagnie Financiere de CIC et de L'Union Europeenne v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 232 F.3d 153, 157 (2d Cir. 2000)). Under New York law, a contract is ambiguous if its terms "could suggest more than one meaning when viewed objectively by a reasonably intelligent person who has examined the context of the entire integrated agreement and who is cognizant of the customs, practices, usages and terminology as generally understood in the particular trade or business." *L.*

*Debenture Tr. Co. of New York v. Maverick Tube Corp.*, 595 F.3d 458, 466 (2d Cir. 2010) (quoting *Int'l Multifoods Corp. v. Com. Union Ins. Co.*, 309 F.3d 76, 83 (2d Cir. 2002)). In contrast, "[n]o ambiguity exists where the contract language has a definite and precise meaning, unattended by danger of misconception in the purport of the [contract] itself, and concerning which there is no reasonable basis for a difference of opinion." *Id.* at 467 (internal quotation marks omitted) (quoting *Hunt Ltd. v. Lifschultz Fast Freight, Inc.*, 889 F.2d 1274, 1277 (2d Cir. 1989)).

Here, the 2012 Agreement is unambiguous regarding its assignment of *then-existing* patent applications and issued patents to Plaintiff. See D.I. 19, Ex. B. However, the 2012 Agreement is completely silent as to future continuation patents that have not yet even been filed. Given that the Asserted Patents were not even pending at the time of the 2012 Agreement, and taking Plaintiff's allegations as true, the Court cannot say as a matter of law that the 2012 Agreement's silence on nonexistent continuation patents unambiguously signals Defendant's intent to retain rights to those patents. *Cf. Intell. Ventures I LLC v. Erie Indem. Co.*, 850 F.3d 1315, 1320-22 (Fed. Cir. 2017) (finding that an agreement did not assign rights to a patent application that was not explicitly listed and was then-pending). Indeed, Plaintiff's Amended Complaint alleges that it is the assignee of the Asserted Patents (D.I. 14 ¶¶ 14, 20, 26, 32, 38), and Plaintiff is listed as the assignee on each of the Asserted Patents. *See* D.I. 14, Exs. A-E. Thus, the Court requires further evidence regarding the parties' negotiations and subsequent performance of the contract in order to glean the parties' intent with respect to future continuation patents and applications.[1] *See*

[1] Plaintiff attached to its brief a Membership Interest and Asset Purchase Agreement ("Purchase Agreement") that it entered into with Dynamic Brands, which Plaintiff claims further supports its position on ownership of the Asserted Patents. D.I. 20 at 10-12. Because this Purchase Agreement was not attached to the Amended Complaint, and Plaintiff has not demonstrated that the Purchase Agreement is integral to its claims, the Court will not consider the Purchase Agreement in deciding the instant motion. *See Wolfington v. Reconstructive Orthopaedic Assocs. II PC*, 935 F.3d 187, 197 (3d Cir. 2019) ("[I]t is well established that a motion to dismiss may be decided based only

*Advanced Mktg. Grp., Inc. v. Bus. Payment Sys., LLC*, 300 F. App'x 48, 49 (2d Cir. 2008) (requiring "[a]dditional evidence regarding the contract negotiations and course of dealings between the parties" to resolve an ambiguity); *Spear v. Fenkell,* C.A. No. 13-02391, 2015 WL 518235, at *10 (E.D. Pa. Feb. 6, 2015) (denying to a motion to dismiss regarding a disputed contract term absent "facts about the parties' intentions and course of dealings").

For these reasons, the Court finds that Plaintiff has plausibly alleged that it has Article III standing to sue and a right to sue under 35 U.S.C. § 281.

Relatedly, Defendant seeks to dismiss Plaintiff's Amended Complaint pursuant to Rule 12(b)(7) on the basis that Plaintiff failed to join Dynamic Brands, which Defendant claims is a co-owner of the '568 Patent, to this action. D.I. 19 at 12. If Plaintiff does *not* own substantial rights to the '568 Patent because Dynamic Brands retains such rights, Dynamic Brands is a necessary party to this action. *See Lone Star*, 925 F.3d at 1235. Defendant's rationale regarding Dynamic Brands's co-ownership is that the 2009 Assignment transferred Plaintiff's rights to the '920 Provisional to Dynamic Brands, including continuations thereof. D.I. 19 at 5, 12. The '568 Patent claims priority to the '920 Provisional. D.I. 14 ¶ 24. The '568 Patent lists four co-inventors, three of which transferred their right, title, and interest in the '568 Patent to Plaintiff. D.I. 19 at 5. The fourth co-inventor (who is also listed as the sole inventor on the other Asserted Patents) transferred his rights to the '568 Patent by virtue of the 2009 Assignment. *Id.* at 3. Defendant's argument is identical to the argument the Court addressed regarding the other four Asserted Patents: following

---

on the 'complaint, exhibits attached to the complaint, matters of public record, as well as undisputedly authentic documents if the complainant's claims are based upon these documents.'" (quoting *Mayer v. Belicheck*, 605 F.3d 223, 230 (3d Cir. 2010))); *Kickflip, Inc. v. Facebook, Inc.*, 999 F. Supp. 2d 677, 682 (D. Del. 2013) ("[A] Court may consider, without converting [to summary judgment], 'matters incorporated by reference or integral to the claim, items subject to judicial notice, matters of public record, orders, and items appearing in the record of the case.'" (quoting *Buck v. Hampton Twp. Sch. Dist.*, 452 F.2d 256, 260 (3d Cir. 2006))).

the 2009 Assignment, the subsequent 2012 Agreement did not convey rights to the '568 Patent back to Plaintiff. *See* D.I. 19 at 4; D.I. 19, Ex. A.

Importantly, Defendant has not provided any new evidence that Dynamic Brands is a co-owner of the '568 Patent – it merely relies on the same language in the 2012 Agreement. Since the Court has found that Plaintiff has plausibly alleged that it gained substantial rights to the Asserted Patents by virtue of the 2012 Agreement, including the '568 Patent, the Court finds that Dynamic Brands is not a necessary party who must be joined under Rule 19(a) at this stage.

### B. Plaintiff Fails to Plausibly Allege Defendant's Indirect Infringement of the '550, '568, '231, and '729 Patents

Defendant moves to dismiss Plaintiff's induced infringement and contributory infringement claims. *See* D.I. 19 at 12. "Both induced and contributory infringement require knowledge of the asserted patent" and "knowledge of infringement of the patent." *Cleveland Med. Devices Inc. v. ResMed Inc.*, 696 F. Supp. 3d 4, 10 (D. Del. 2023). To plead induced infringement under 35 U.S.C. § 271(b), "a complaint must plead facts showing that the accused infringer specifically intended another party to infringe the patent and knew that the other party's acts constituted infringement." *Lifetime Indus., Inc. v. Trim-Lok, Inc.*, 869 F.3d 1372, 1379 (Fed. Cir. 2017) (cleaned up). To plead contributory infringement under 35 U.S.C. § 271(c), a plaintiff must plead, inter alia, that "the component has no substantial noninfringing uses." *Fujitsu Ltd. V. Netgear Inc.*, 620 F.3d 1321, 1326 (Fed. Cir. 2010); *Artrip v. Ball Corp.*, 735 F. App'x 708, 713 (Fed. Cir. 2018).

Plaintiff relies on Defendant's post-suit knowledge of the '550, '568, '231, and '729 Patents for its indirect infringement claims. In particular, Plaintiff alleges that Defendant has had knowledge of the'550, '568, '231, and '729 Patents "since at least as early as June 18, 2024, which is the date of filing of the original Complaint, or at the latest, since June 20, 2024, which is the

date of service of the original Complaint." D.I. 14 ¶¶ 71, 108, 120, 147, 195. This Court has previously "adopt[ed] the view that '[t]he complaint itself cannot serve as the basis for a defendant's actionable knowledge' for a willful infringement claim." *Cleveland Med. Devices Inc. v. ResMed Inc.*, 696 F. Supp. 3d 4, 13-14 (D. Del. 2023); *see also Densys Ltd. v. Align Tech. Inc.*, C.A. No. 25-768-GBW, 2026 WL 1506566, at *14-15 (D. Del. May 29, 2026) (rejecting the plaintiff's allegations of the defendant's knowledge of the asserted patents based on the complaint); *Hills Point Indus. LLC v. Just Fur Love LLC*, C.A. No. 22-1256-GBW, 2023 WL 8804046, at *4 (D. Del. Dec. 20, 2023) (same). Keeping in line with this Court's position in prior cases, the Court again finds that the filing of the original Complaint is insufficient to impute knowledge of the '550, '568, '231, and '729 Patents for purposes of indirect infringement.

For these reasons, Plaintiff has not plausibly pled that Defendant has induced infringement of or contributorily infringed the '550, '568, '231, and '729 Patents. Thus, the Court dismisses Plaintiff's claims for induced and contributory infringement against Defendant (Counts III, IV, VI, VII, IX, X, XII, and XIII) without prejudice.

### C. Plaintiff Has Complied with 35 U.S.C. § 287(a) for the '550 Patent, the '568 Patent, and the '231 Patent, but not the '869 Patent or the '729 Patent

Defendant's final argument is that Plaintiff has failed to plead compliance with the marking statute, 35 U.S.C. § 287(a). The marking statute provides, in relevant part:

> Patentees, and persons making, offering for sale, or selling within the United States any patented article for or under them, or importing any patented article into the United States, may give notice to the public that the same is patented, either by fixing thereon the word "patent" or the abbreviation "pat.", together with the number of the patent, or by fixing thereon the word "patent" or the abbreviation "pat." together with an address of a posting on the Internet, accessible to the public without charge for accessing the address, that associates the patented article with the number of the patent, or when, from the character of the article, this can not be done, by fixing to it, or to the package wherein one or more of them is contained, a label containing a like notice. In the event of failure

> so to mark, no damages shall be recovered by the patentee in any action for infringement, except on proof that the infringer was notified of the infringement and continued to infringe thereafter, in which event damages may be recovered only for infringement occurring after such notice. Filing of an action for infringement shall constitute such notice.

35 U.S.C. § 287(a). Defendant contends that Plaintiff has failed to allege that it has consistently marked substantially all of its patented products in compliance with the requirements of § 287(a). D.I. 19 at 20. Plaintiff responds that it has virtually marked its strollers with the Asserted Patents, with the exception of the '729 Patent.[2] D.I. 20 at 18. Per Plaintiff's Amended Complaint, Plaintiff has pled that it has marked City Select strollers since at least as early as January 2023 with the '550 Patent, the '568 Patent, and the '231 Patent. D.I. 14 ¶¶ 72, 84, 109, 121, 149, 161. These allegations are sufficiently detailed for the pleadings stage, which merely requires that Plaintiff's Amended Complaint provide well-pleaded factual allegations. *See Vullo*, 602 U.S. at 181. The Court is unpersuaded by Defendant's cite to *Express Mobile, Inc. v. Liquid Web, LLC*, for support of its position that Plaintiff failed to adequately plead compliance. In *Express Mobile*, Plaintiff argued that "there is no evidence that there was anything for it to mark" and "d[id] not argue that it pled compliance." *Express Mobile*, C.A. No. 18-01177-RGA, 2019 WL 1596999, at *2 (D. Del. Apr. 15, 2019). Those facts are distinct from the instant action, where Plaintiff *did* explicitly allege that it marked its City Select strollers with the '550 Patent, the '568 Patent, and the '231 Patent since at least as early as January 2023. Thus, the Court finds that Plaintiff has plausibly pled compliance with § 287(a) with respect to the '550 Patent, the '568 Patent, and the '231 Patent.

---

[2] Plaintiff also argues that Defendant waived its argument about compliance with the marking statute because Defendant did not raise it in their first motion to dismiss. Since the Amended Complaint superseded that motion, and the Court never reached the merits of that motion as a result, Defendant has not waived its argument. *See Wright v. Cuyler*, 517 F. Supp. 637, 639 n.1 (E.D. Pa. 1981) (finding that a defendant did not waive a 12(b)(6) defense because the court did not reach the merits on an earlier motion).

Plaintiff, however, has made no factual allegations whatsoever regarding marking of its products with the '869 Patent or the '729 Patent. Thus, with respect to the '869 and '729 Patents, the Court agrees with Defendant that Plaintiff is not entitled to damages pre-dating the date that Plaintiff provided notice of infringement to Defendant.

## IV. CONCLUSION

For all the foregoing reasons, Defendant Baby Generation, Inc. d/b/a Mockingbird's Motion to Dismiss Plaintiff Baby Jogger, LLC's First Amended Complaint is **GRANTED** without prejudice with respect to Counts III, IV, VI, VII, IX, X, XII, and XIII, and with respect to Plaintiff's claims seeking damages pre-dating the date that Plaintiff provided notice of infringement of the '869 and '729 Patents to Defendant. Defendant's Motion is otherwise **DENIED**.

* * * * *

WHEREFORE, at Wilmington this 16th day of September 2026, **IT IS HEREBY ORDERED** that:

1. Defendant Baby Generation, Inc. d/b/a Mockingbird's Motion to Dismiss Plaintiff Baby Jogger, LLC's First Amended Complaint ("Defendant's Motion") is **GRANTED** without prejudice with respect to Counts III, IV, VI, VII, IX, X, XII, and XIII.
2. Defendant's Motion is also **GRANTED** without prejudice with respect to Plaintiff's claims for damages pre-dating the date Plaintiff provided notice of infringement of U.S. Patent Nos. 8,955,869 and 11,878,729 to Defendant, pursuant to 35 U.S.C. § 287(a).
3. Defendant's Motion is otherwise **DENIED**.

GREGORY B. WILLIAMS
UNITED STATES DISTRICT JUDGE